# Williams *v.* Bowdin.

*Action for Statutory Penalty; Entering Satisfaction of Mortgage.*

1. *Amendment of complaint.*—In an action to recover the statutory penalty for a failure or refusal to enter on the records satisfaction of a mortgage which has been satisfied (Code, §§ 2222–23), the complaint may be amended by correcting defects of form which do not introduce a new cause of action, and also by describing the defendants as partners, when the original summons and complaint are against them individually.

2. *Sufficiency of complaint, in description of mortgage, and averment of damage.*—In the complaint in such action, it is not necessary to designate the book in which the mortgage is recorded, nor to describe the property conveyed by it; nor is it necessary that there should be any averment of special damage.

3. *Demurrer; specification of causes,*—That the complaint " shows no substantial cause of action." and that it " is wholly insufficient in law," as assignments of causes of demurrer (Code, § 3005), are wanting in the necessary definiteness and certainty.

4. *Description of parties to mortgage; variance.*—The mortgage being described in the complaint as executed to " D. & S. A. Williams," while that offered in evidence was executed to " S. A. & D. Williams," held no material variance.

5. *Failure to have mortgage proved or acknowledged.*—The mortgage having been attested by one witness, and recorded, the failure to have it proved or acknowledged does not affect its admissibility as evidence, in an action to recover the statutory penalty for not entering satisfaction on the record.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. H. D. CLAYTON.

This action was brought by Marilda J. Bowdin and W. J. Parish, against " S. A. & D. Williams," and was commenced on the 13th March, 1876. The original complaint was in these words: The plaintiffs claim of the defendants $200 for the failure to enter satisfaction of a mortgage, upon the margin of the record thereof, within three months from the time they were requested so to do by said plaintiffs, and

[Williams v. Bowdin.]

after the payment thereof; which said mortgage was executed and delivered in the year 1872, namely, in April of said year, and recorded in the office of the judge of probate of said county of Pike, on the 22d April, 1872." An amended complaint was afterwards filed, by leave of the court, in these words: "The plaintiffs claim of the defendants, Simeon A. Williams and Dekalb Williams, the further sum of $200, for the failure to enter, or have entered, satisfaction of a mortgage upon the margin of the record thereof, for three months from the time they were requested so to do by the plaintiffs; they, the defendants, having received, at the time they were requested to enter said satisfaction, payment and full satisfaction of the amount secured by said mortgage; which said mortgage was executed and delivered by said plaintiffs in the year 1872, namely, in April of said year, and was made payable to S. A. & D. Williams as partners, the said partnership being composed of Simeon A. Williams and Dekalb Williams, the defendants in this case. Said mortgage was recorded in the office of the judge of probate of said county of Pike, on the 22d April, 1872, and was due the 1st November, 1872."

The defendants objected to the allowance of the amended complaint, and moved to strike it from the files, "because they are sued as partners, or as a firm, as shown by the summons, and said amended complaint declares against them as individuals;" and they reserved exceptions to the overruling of their objection and motion. They also demurred to the amended complaint, and assigned the following causes of demurrer: 1st, "because said amended complaint fails to state what kind of property, if any, was embraced and conveyed by said mortgage;" 3d, "because it fails to state whether real or personal property, if any, was conveyed by said mortgage;" 4th, "because it fails to state in what book or page said mortgage was recorded;" 5th, "because it fails to state that said mortgage was recorded in the records of deeds or of mortgages; "6th, "because it fails to aver or show that plaintiffs have been injured, damaged, or aggrieved in any way, by the defendant's wrongful act;" 7th, "because it fails to aver or charge explicitly that the mortgage was not satisfied on the margin of the record thereof." The court overruled all of these assignments of demurrer except the last, which was sustained; and the complaint was again amended, by a more specific averment of the failure to enter satisfaction of the mortgage, on the margin of the record, within three months after the plaintiffs' request.

At a subsequent term, another demurrer was interposed to the amended complaint, on these specific grounds: "1st, that said amended complaint fails to show a substantial

[Williams v. Bowdin.]

cause of action" ; 2d, " that it is not complete, and shows no cause of action in itself; 3d, that it is wholly insufficient in law." The court overruled this demurrer, and the cause was tried " on issue joined on the plea of the general issue." On the trial, as the bill of exceptions states, the plaintiffs offered in evidence " a record of the Probate Court of said county, of a mortgage made by plaintiffs to D. & S. A. Williams," which is set out. Said mortgage purports to be given to secure the payment of two notes, together amounting to $100, due on the 1st November, 1872, and said to be given for advances to make a crop ; conveys the entire crop of cotton and corn to be raised by the mortgagors during the year 1872 ; is signed by both of the plaintiffs, and attested by one witness ; but its date is left blank, neither the month nor year being stated, and it was neither proved nor acknowledged, though left for record on the 28th March, and recorded on the 22d April, 1872. The defendants objected to the admission of said mortgage as evidence, " because it purports to be made to D. & S. A. Williams, and not to S. A. & D. Williams, as alleged in the complaint; 2d, and because said instrument was executed on the 12th day of————,187–; 3d, and because said instrument had no probate or acknowledgment at all." The court overruled these several objections, and admitted the mortgage as evidence ; and the defendants excepted.

The above rulings to which exceptions were reserved, and the rulings on the pleadings as stated, with other matters, are now assigned as error.

W. D. ROBERTS, and W. D. WOOD, for appellants.

JNO. D. GARDNER, contra.

SOMERVILLE, J.—The amendments made to the complaint were properly allowed by the Circuit Court. They introduced no new matter or claim not before presented, but merely corrected a defect of form in the pending suit. Nor was it error to permit the complaint to be so amended as to describe the defendants as partners, although the original suit was against them as individuals merely.—Code, 1876, § 3156 ; Bradford v. Edwards, 32 Ala. 628.

The description of the mortgage was reasonably certain, without stating in what book it was recorded in the Probate Court, or what kind of property was embraced in the conveyance.

No allegation of special damage to the plaintiff, by the wrongful act of the defendant, was required in the statement

[Joiner v. Winston.]

of the cause of action. This is a suit for a penalty given by statute, and is an action of debt, the whole *gravamen* of which is the failure of the defendant, for three months after payment of a mortgage and request made by the mortgagor, to enter satisfaction upon the record.—Code, §§ 2222–23.

The grounds of demurrer to the complaint, averring that it "showed no substantial cause of action," or that it was "wholly insufficient in law," were properly overruled, being too general, and not stated with that distinctness and specific certainty required by the statute.—Code, § 3005 ; *Donegan v. Wood*, 49 Ala. 242, 254 ; 33 Ala. 110 ; 34 Ala. 485.

The mortgage executed by " D. & S. A. Williams " was properly admitted in evidence, although it was described in the complaint as executed by " S. A. & D. Williams." This was no variance, as there was a legal identity of the parties described as mortgagors. The fact of its not being probated was no objection to its admission in evidence, as no question was raised as to notice, or the rights of *bona fide* purchasers. It was merely an issue *inter partes*.

The rulings of the Circuit Court were all free from error, and the judgment is affirmed.