[Steiner & Bro. v. Snow.]

# Steiner & Bro. v. Snow.

*Action to Recover Penalty for Failing to Enter Satisfaction of Mortgage upon Margin of Record.*

1. *Admissibility of record to show that mortgage was recorded; failure to show probate no objection to admissibility.*—In an action to recover the statutory penalty for a failure to enter satisfaction of a mortgage on the record, within three months after payment, and request in writing (Code, §§ 2222-3), the record is admissible to show the fact that the mortgage was recorded; and the failure to show its probate is no objection to the admissibility of the evidence.

2. *Permissible to show when entry of satisfaction was made.*—The record showing an entry of satisfaction, it is permissible to show that it was in fact made after the commencement of the suit.

3. *No particular form of request necessary.*—No particular form of words is necessary to constitute a sufficient request, if it informs the defendant with reasonable certainty that performance of the statutory duty is desired.

APPEAL from Montgomery City Court.

Tried before the Hon. T. M. ARRINGTON.

This was an action instituted by Julius C. Snow against V. Steiner & Bro., under sections 2222 and 2223 of the Code, to recover the statutory penalty of Steiner & Bro. for failing to enter satisfaction upon the margin of the record of a mortgage given them by the said Snow, for three months after payment, and request in writing to make such entry; and was commenced July 31st, 1885.

On the trial, the plaintiff testified in his own behalf that he had executed a mortgage to the defendants in 1883, and that he had paid it more than three months before the commencement of this suit; that said mortgage was in the possession of the defendants, and the book containing the record of said mortgage was offered in evidence. The defendants objected to the introduction of the record of the mortgage as illegal, but the court overruled the objection and the defendants excepted. The plaintiff then offered in evidence the entry on the margin of the record, which was in these words: "Satisfied July 31st, 1885; V. Steiner & Bro." which were shown to have been written there by the defendants after this suit was commenced. The defendants objected to the admission of this evidence, the court overruled the objection, and the defendants excepted.

It was further shown by the plaintiff that he had written a note to V. Steiner in March, 1885, after he had paid the mort-

. gage debt, in which he used this language : "Mr. Steiner, please cancel my mortgage," and offered evidence that it was received by said Steiner.

Upon this evidence the court charged the jury : "that if plaintiff paid the debt secured by the mortgage, and wrote a note to the defendants to cancel the mortgage, as testified by plaintiff, and said note was received by them more than three months before suit was brought, it was a sufficient request to the defendants to enter satisfaction on the record of the mortgage, if the jury believe that there was only one mortgage." To this charge the defendants excepted.

The defendants requested a number of charges, which were refused by the court. Verdict was rendered for the plaintiff, and the defendants take this appeal, assigning as error the admission of evidence objected to, the giving of the charge of the court, and the refusal to give the charges asked by the defendants.

HOLTZCLAW & WILLIAMSON, and ARRINGTON & GRAHAM, for appellants.

MOORE & FINLEY, *contra*.

CLOPTON. J.—The statutes require a mortgagee, whose mortgage has been recorded, upon payment of the amount secured thereby, and request in writing, to enter satisfaction on the margin of the record, which operates a release of such mortgage, and a bar to all actions thereon. On failure to enter satisfaction for three months after payment and request, the mortgagee forfeits to the party aggrieved the sum of two hundred dollars, unless at the time of such request or within three months thereafter, there shall be a pending suit, involving the fact of satisfaction. *Acts* 1880—1, 32. We do not understand, that the record of the mortgage was offered as proof of the execution or contents of the original. To entitle the plaintiff to a recovery of the statutory penalty, proof that the mortgage has been recorded is requisite, as unless recorded no duty to enter satisfaction arises. For this purpose, the record of the mortgage is admissible in evidence. That the probate of the mortgage does not appear, is no objection to the admissibility of the record. *Williams v. Bowdin*, 68 Ala. 126. The suit is between the mortgagor and mortgagee, and no question as to the rights of third persons can be raised. As the bill of exceptions does not purport to set out all the evidence, we must presume, that one proof of notice to produce the original, it being shown to have been in the possession of the adversary party, and of its execution, was made. Evidence

[Stapp v. Wilkinson.]

that the record was a copy of the original mortgage was necessary to its identification, as the record on the margin of which entry of satisfaction was requested. For this purpose it was not necessary to call the subscribing witnesses. As there appeared on the margin of the record an entry of satisfaction, it was permissible to show that the entry was made after the commencement of the suit, to the end of disproving that it was a performance of the duty required by the statute.

No particular form of words is necessary to constitute a sufficient request. All that the statute requires is notice, that entry of satisfaction on the record is desired, and that the words used be such as to reasonably inform the mortgagee that performance of the statutory duty is requested. If such be its fair and reasonable meaning, and so ordinarily understood, the mortgagee must act upon it, and it is no excuse, that we did not understand it as a request under the circumstances of the case, and on the hypothesis stated in the charge of the court, the written request can not reasonably be referred to any cancellation or satisfaction, other than on the record. The charges requested by the defendant were, as an abstract proposition, calculated to mislead the jury, and properly refused. *Jordan v. Mann,* 57 Ala. 595.

Affirmed.