[Adams v. Teague *et al.*]

# Adams *v.* Teague, *et al.*

*Statutory Action of Ejectment.*

1. *Execution of deed; who are grantors.*—Where one or more persons are mentioned in the body of a conveyance as grantors and their names are subscribed to it, the additional name of another person who is not mentioned anywhere in the instrument does not make such instrument his deed.

2. *Alienation of wife's lands; how husband's assent manifested; void deed.*—Under the statute providing for the alienation of the wife's lands, (Code, § 2528), it is necessary for a valid conveyance that the husband should join in the alienation in the same manner as if the land belonged to him in severalty, jointly or in common with others; and the mere signature of the husband to a deed, purporting to convey his wife's lands, the wife's name only appearing in the instrument, is not an efficacious manifestation of the husband's assent to and concurrence in the conveyance as required by the statute, and such instrument is but a void deed of the wife and ineffectual to pass title to the lands described therein.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. J. W. FOSTER.

This was a statutory action of ejectment, brought by the appellant, Lucy Adams, against the appellees, N. G. and A. J. Teague, to recover the possession of certain lands specifically described in the complaint.

The plaintiff's claim of title to the lands sued for was based upon her right as purchaser at the foreclosure sale under the power contained in a mortgage which was executed by the defendants and L. E. McAllister to the plaintiff.

The defendant, N. G. Teague was a married woman, the wife of defendant, A. J. Teague. It was shown, without any conflict, that the defendant, L. E. McAllister, had no interest in the land, that she had conveyed the same, previous to the execution of said mortgage, to the mortgagor, N. G. Teague, but the deed had not at that time been recorded, and the plaintiff, before the

execution of the mortgage was informed that said N. G. Teague was the owner of the land mortgaged.   The said McAllister joined in the mortgage of the land to plaintiff.

The defense was rested upon the fact that A. J. Teague, the husband, did not give his assent and concurrence to the execution by his wife, N. G. Teague, of the said mortgage, manifested by his joining in the mortgage with her, in conformity with the requirements of the statute.

The original mortgage has been certified here, for inspection by the court.   It is a printed form, such as are in common use, with blank spaces filled up.   It was properly acknowledged before a notary public, by all three of the parties who signed it; N. G. Teague acknowledged it, also, before the same notary, separate and apart from her husband, in the manner required to convey the homestead.

The mortgage in its opening recital as to the parties to it, begins: "Know all men by these presents that we, N. G. Teague and L. E. McAllister being indebted to Lucy Adams, in the sum of $829   *   *   *   for the purpose of securing the payment thereof, we hereby sell and convey to the said Lucy G. Adams," etc.   The word "we," is used several times thereafter in the mortgage, at appropriate places.   It concludes: "Given under our hand and seal, this 15th day of February, 1897."   In the body of the mortgage the name of A. J. Teague nowhere appears.   It is signed, A. J. Teague, N. G. Teague, L. E. McAllister; the names appearing in the order named, the one above the other.   Opposite A. J. Teague's name and on the same line, are the words, *"I join my husband in the above mortgage."*   The words quoted and italicised are in printed letters in the mortgage.

It was also shown that the land sued for was, at the time of the execution of the mortgage above referred to, the homestead of A. J. and N. G. Teague.

The court at the request of the defendant gave to the jury the general affirmative charge.   The plaintiff duly excepted to the giving of this charge, and also duly excepted to the court's refusal to give the general affirmative charge requested by her.

There were verdict and judgment for the defendants.

The plaintiff appeals, and assigns as error the giving of the general affirmative charge requested by the defendants, and the refusal to give the general affirmative charge asked by the plaintiff.

J. G. Cowan, for appellant.—The mortgage involved in this controversy shows that it was the intention of the husband to join in the conveyance of his wife. The intention or purpose in the giving of the mortgage is expressly declared to be that of securing the mortgagee in the payment of the debt due her. It is the duty of the court construing a deed to place such a construction upon the instrument, if it can be reasonably done, as will carry out the intention or purpose of the instrument.—*Saunders v. Saunders*, 20 Ala. 710; *Hamner v. Smith*, 22 Ala. 433.

Where an instrument will admit of two reasonable constructions, one validating and the other invalidating, the former should be adopted by the court, whose duty it is to construe the instrument.—*Nelson v. Manning*, 53 Ala. 549; *Robinson v. Bullock*, 58 Ala. 618.

Espy & Farmer, contra, cited *Davidson v. Cox*, 112 Ala. 512; *Johnson v. Goff*, 116 Ala. 648.

HARALSON, J.  1.—It has been several times held by this court, that when one or more persons are mentioned in the body of the conveyance as grantors and their names are subscribed to it, the additional signature of another person who is nowhere mentioned in the instrument, does not make it his deed.—*Sheldon v. Carter*, 90 Ala. 380. We need not repeat the reasons for this holding. This principle is precisely applicable to the facts of this case.

2.  We have more recently held, that the assent and concurrence of the husband which is required by statute (Code, § 2528 [2348]) to give validity and effect to a deed conveying the wife's lands, can be manifested only by his joining in the alienation in such a way as would be necessary to the conveyance of his interest if the land belonged to him in severalty or jointly, or in common with others; and that when a deed is signed by the hus-

38

band, under the facts as the one before us purports to have been signed, it is nothing more than the void deed of the wife, inoperative to divest her title in the land.— *Davidson v. Cox,* 112 Ala. 510; *Johnson v. Goff,* 116 Ala. 648.

There was no error in giving the general charge for defendants.

Affirmed.