[Chattanooga National Building & Loan Association v. Echols.]

# Chattanooga National Building & Loan Association *v.* Echols.

*Action to recover Statutory Penalty for Failure to enter Satisfaction of payment on Margin of Record of Mortgage.*

1. *Statutory penalty for failure to enter payment on margin of record of mortgage; sufficiency of notice.*—To authorize the recovery of the penalty provided by statute for failure to enter the fact of payment or satisfaction on the margin of the record of a mortgage, upon written request, the notice, in order to be sufficient, must fairly and reasonably involve a request for the entry of satisfaction or payment on the record of the mortgage, and a request merely to cancel a particular mortgage, is not sufficient as matter of law.—(*Steiner Bros. v. Snow,* 80 Ala. 45, in so far as it conflicts with the proposition here announced, overruled).

2. *Same; same; case at bar.*—Where one who has paid off a mortgage given to a building and loan association, writes a letter to the mortgagee, in which, after stating that he had paid off the mortgage then says: "You neglected to relinquish your claim to mortgage or property. Please cancel the mortgage and stock," such letter is not sufficient as a request to enter the fact of payment or satisfaction on the margin of the record of the mortgage; and does not authorize the recovery of the statutory penalty upon the mortgagee's failure to enter satisfaction on the margin of the record of the mortgage.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

The facts of the case are sufficiently stated in the opinion.

BURNETT & CULLI, for appellant.—The note as given the plaintiff asking for the cancellation of the mortgage was not a sufficient notice, within the meaning of the statute, to render the mortgagee liable for the statutory penalty for failure to enter satisfaction upon the mort-

[Chattanooga National Building & Loan Association v. Echols.]

gage record.—*Loeb v. Huddleston,* 105 Ala. 257; *Gay, Hardie Co. v. Rogers,* 109 Ala. 624; *Scott v. Fields,* 79 Ala. 214.

MOTLEY & SHORT, *contra.*—The notice to cancel the mortgage given by plaintiff to defendant was sufficient. *Jordan v. Mann,* 57 Ala. 595; *Steiner Bros. v. Snow,* 80 Ala. 45.

McCLELLAN, C. J.—This action is prosecuted by Echols against the Chattanooga Building & Loan Association to recover the penalty prescribed by section 1066 of the Code for a failure of the defendant to enter satisfaction of a mortgage after an alleged request to that end. The facts involved are substantially these: Mrs. Payne executed the mortgage in question covering a house and lot to the Chattanooga Building & Loan Association to secure her note of even date for borrowed money. The association took out a policy of insurance on the house to protect its security. Some time afterward Mrs. Payne sold and conveyed her equity of redemption to Echols, the plaintiff here. He thereupon inquired of the mortgage company to know "what they would take for the mortgage." In reply they sent him a statement which showed that the balance due of the mortgage debt was $1,574.50, but offered to take $1,400 in order to have the matter settled up at once. Echols directed the company to draw on him for that amount. They did so; and attached to the draft to be delivered to Echols when the draft was paid were Mrs. Payne's note, the mortgage, the insurance policy and a quit claim deed executed by the company to Echols. He paid the draft and it and the other papers referred to were turned over to him by the bank through which the transaction was consummated. As part of or incident to the dealing between Mrs. Payne and the company she became a subscriber to the capital stock of the association. Some days after Echols paid off the draft and received the mortgage, note, policy and deed from the company he wrote following letter: "Gadsden, Ala., Aug. 31st, 1897. Chattanooga Nat. B. & L. Ass'n, Chatt.,

Tenn: Gentlemen—I have paid off the Payne mortgage sent to the Queen City bank, and you neglected to relinquish your claim to mortgage or property. Please cancel the mortgage and stock and oblige, yours truly, W. L. Echols." To this the company made the following reply: "Chattanooga, Tenn., Sept. 2, 1897. Mr. W. L. Echols, Gadsden, Ala. Dear Sir—Replying to yours of Aug. 31, we beg to differ with you in regard to our having cancelled the Payne mortgage and stock. Everything has been cancelled. We are perfectly willing to do anything reasonable. We do not know how to proceed to give you further satisfaction, and will sign any papers which your attorney may draw up to cancel the stock and mortgage referred to, that will, of course, not obligate us for anything we are not responsible for. Yours Truly, Chattanooga National Building & Loan Association, per Chas. D. Gordon, G. M." This letter makes it perfectly clear that the company had not been apprised by Echols' letter and did not know what he wanted it to do in respect of cancelling the mortgage and stock, and further, that it was ready and willing to perform its whole duty in the premises as soon as advised as to what was required or desired of it. Good faith and fair dealing required of Echols to inform the association upon the receipt of this letter, precisely what he wanted it to do, and this he could have done almost in a word by referring to the record of the mortgage. Instead of doing this, however, he responds to the company's appeal for information as to what he wanted it to do, by writing again substantially what he had written on August 31st; he repeated the ambiguous notice he then gave the association, though he well knew at the time that the company did not understand it. Accompanying this communication he sent a postal card addressed to himself. On this the defendant wrote as follows: "We sent you quit claim deed which releases our claim upon Payne property. Show same to your attorney and if it does not suit him let us know. The one we sent you is the same we furnish all borrowers when they repay and we feel quite sure covers the ground entirely," and mailed it to him. To this second effort to

get from Echols information as to what he required of the company, he vouchsafed no reply. The defendant, not knowing what was required of it, did not enter satisfaction of the mortgage on the margin of its record within the statutory period, and Echols had judgment below for the penalty, and the defendant appeals. The cause was tried below without a jury and we are to review the conclusions of fact and law reached by the judge of the city court. Without referring to the facts further in detail, we will say that we do not believe that any honest effort was made by Echols in the first instance to apprise the defendant what was required of it. The alleged notice was not only ambiguous and uncertain in its reference to the cancellation of the mortgage, but its reference to the cancellation of the stock was well calculated to mislead, and judged by the light of what transpired afterwards, was probably intended to mislead the company as to the meaning of the letter in respect of the mortgage. And whatever may have been Echol's original purpose, there can be no palliation or excuse for his conduct after he came fully to know that the defendant was willing to do anything he desired in the premises, but that it did not know what he wanted done. Then he might have informed the company in a word and the satisfaction would at once have been entered on the margin of the record. All this he knew; but instead of that word, and fearing, it seems, to use any set of words whose unintelligibility to the defendant had not been tested and proved, he replied in the language he had first employed and which he knew positively the company did not understand, and when the defendant wrote again showing its continued ignorance of its meaning, he answered nothing. To allow a recovery on these facts would be an outrage on justice and a travesty of law. The statute being highly penal, is to be strictly construed. No recovery should be allowed unless all the terms of the enactment support it. There must be a request in writing, that the mortgagee "enter the fact of payment or satisfaction on the margin of the record of the mortgage." No set form of words is necessary, but a notice is sufficient if fairly and reasonably interpreted, it involves a request for the entry of such

satisfaction of payment. It may be, too, that a notice which did not import this request on its face might be aided by the circumstances so as to give it that meaning to the mortgagee, so as that it would be held to be a compliance with the statute. But unless there be such circumstances, the notice itself must suffice to indicate to common acceptance with reasonable certainty what is required to be done. If the written request is to be tested by its own terms—as certainly the one involved here must be—it should at least contain some reference to the record of the mortgage with which alone it has to do. To enter satisfaction on the margin of the record is in no sense a cancellation of the mortgage, the case of *Steiner Bros. v. Snow*, 80 Ala. 45, to the contrary notwithstanding; and the converse, of course, is equally true, that a request to cancel a mortgage does not import a desire to have payment of the mortgage entered on the margin of the record. The statute does not use the word cancel, and the thing the statute provides for having done does not involve the cancellation of the mortgage. This is the word used in the request relied on in this case. No reference whatever is made to the record of the mortgage; and any tendency the word cancel standing alone might have to refer the mortgagee to the record is weakened by the context of the notice. In the first place, in conjunction with the mortgage, it is asked that the stock be cancelled. And in addition to this, it is stated in the notice that "You have neglected to relinquish your claim to the mortgage or property." The whole idea of the plaintiff, so far as it appears from the letter, was a relinquishment of claim to the property, the cancellation of the mortgage, which had already been fully accomplished by the surrender of the note and mortgage and the execution of the quit-claim deed; the entry of satisfaction on the record being an entirely different thing, in no case operating a cancellation of the mortgage or relinquishment of the claim of the mortgagee to the property, but intended and having the effect only to give notice that the mortgage had been cancelled and the claim under it to the property relinquished. It is small wonder, indeed, that the defendant

did not understand what was required of it; and that it did not understand goes to demonstrate the extreme danger there is in construing this highly penal statute so loosely as to uphold the sufficiency of this alleged notice as a request for the entry of satisfaction on the margin of the record of the mortgage. There should be some assurance that the mortgagee knows what is required of him before this penalty is visited upon him for non-compliance; the requirement should be stated with reasonable clearness and certainty of expression. It is not so stated in the letter relied on here as a request. It is clear beyond cavil, as a matter of fact, that the mortgagee did not understand the request; and it is equally clear, as a matter of law, that the request was not sufficiently plain to the common understanding to charge the mortgagee with knowledge of what was intended, though he had no such knowledge in point of fact. Our conclusion, therefore, is that the plaintiff failed to prove the request the statute requires, and is. not entitled to recover. The judgment of the city court must be reversed, and a judgment will here be rendered for the defendant. The case of *Steiner Bros. v. Snow*, *supra*, in so far as it holds that a request merely to "cancel" a certain mortgage is sufficient as matter of law, is overruled.

Reversed and rendered.