# Hoffman *v.* Knight.

*Action to recover Statutory Penalty for Failure to enter Satisfaction on Margin of Mortgage Record.*

1. *Action to recovery statutory penalty; joinder of causes of action.* The proper form of action to recover the statutory penalty for failure, after the payment of the mortgage debt, to enter satisfaction thereof on the margin of the mortgage record, upon the written request of the mortgagor, is in debt; and several counts claiming separate penalties for such failure in reference to separate and different mortgages, may be joined in the same complaint.

2. *Same; sufficiency of complaint.*—In an action to recover the statutory penalty for failure to enter upon the margin of a mortgage record payment of the debt secured thereby, upon the written request of the mortgagor, a count of the complaint which avers the execution of the mortgage by the plaintiff to the defendant in a certain year, which was due at a certain designated time, and that the mortgage was recorded in a certain volume on a particular page in the record of mortgages in the office of the probate judge of the county, and that after having satisfied said mortgage debt in full, the plaintiff requested the defendant in writing to enter such satisfaction upon the margin of the mortgage debt, and that the plaintiff failed to enter satisfaction within two months after having received such notice, states a sufficient cause of action and is not demurrable.

3. *Same; proof of special damages unnecessary for recovery.*—The gist of such an action is the failure on the part of the defendant to mark satisfaction of the mortgage debt upon the margin of the mortgage record, after having been requested thereto in writing, and in order to authorize a recovery, it is not necessary for the plaintiff to prove that he sustained any

[Hoffman v. Knight.]

damages on account of such failure on the part of the defendant.

4. *Same; charge to the jury; when properly refused.*—In an action to recover the statutory penalty for failure to enter satisfaction of a mortgage debt on the margin of the record of a mortgage, after having been requested thereo in writing, where the defendant sets up an agreement on the part of the plaintiff to release him from the claim, a charge which withdraws from the jury all consideration of the matters of defense so set up under the special plea, and authorizes a recovery by the plaintiff upon proof of the existence of the mortgage and its registration and satisfaction and the request in writing that satisfaction thereof be entered upon the record, is properly refused.

5. *Same; sufficiency of request.*—No particular form of words is necessary to constitute a sufficient request for the entry of satisfaction upon the margin of a mortgage record, provi.ed such request informs the defendant with reasonable certainty that performance of the statutory duty is required; and, therefore, a request from a mortgagor to the mortgagee that "I now notify you to have all my mortgages marked satisfied on the record," is sufficient.

APPEAL from the Circuit Court of Chambers.

Tried before the Hon .N. D. DENSON.

This action was brought by the appellee, S. C. Knight, against the appellant, Walter Hoffman. The complaint contained two counts. The first count was in words and figures as follows: "The plaintiff claims of the defendant the sum of two hundred dollars due from defendant to plaintiff by reason of a failure on the part of defendant to enter, or have entered, satisfaction of a mortgage upon the margin of the record for two months from the time he was requested in writing so to do by the plaintiff, he the defendant having received at the time he was requested to enter satisfaction, payment and full satisfaction of the amount secured by said mortgage, which said mortgage was executed and delivered by said plaintiff in the year 1895, namely in April of said year, to the said defendant. Said mortgage was recorded in the office of the judge of probate of Chambers county, Alabama, in volume 52, p. 374, Records of Mortgages, and was due first day of October, 1895." The second

[Hoffman v. Knight.]

count contained the same averments, except it described another and different mortgage from the one described in the first count, and referred to it as having been recorded "in the office of the judge of probate of Chambers county, Alabama, in volume 51, p. 568, Records of Mortgages." To this complaint the defendant demurred upon grounds, which may be summarized as follows: 1. Said complaint claims damages of defendant for a failure to have entered satisfaction of mortgage when such damages are not authorized by law. 2. The complaint claims a sum of money due from defendant, and fails to show that defendant is indebted to plaintiff. 3. Said complaint claims damages for a breach of duty by the defendant, and fails to show that the plaintiff has been damaged. 4. Said complaint fails to aver that at the time the plaintiff requested defendant in writing to satisfy said mortgage on the record the said mortgage had been fully paid or satisfied. 5. Said complaint fails to show that defendant had any right to enter or have entered satisfaction of said mortgage. 6. Said complaint fails to show that defendant is liable to plaintiff for failure to enter or have entered satisfaction of said mortgage. 7. There is a misjoiner of counts in said complaint in this: Plaintiff joins in the same suit two different causes of action in which he sues for a penalty created by statute. These demurrers were overruled and the defendant duly excepted. Thereupon the defndant filed several pleas. The first three pleas were the pleas of the general issue. By the fourth, fifth and seventh pleas the defendant set up the defense that after the expiration of two months from the time the plaintiff averred that he requested the defendant to enter satisfaction of the mortgages on the margin of the record thereof, that he agreed with the defendant and stated to the defendant that if he would enter satisfaction of said mortgages upon the margin of said record at that time, the plaintiff would not claim any damages of him, by reason of his failure to enter such satisfaction sooner. The sixth and eighth pleas were subsequently withdrawn. After the overruling of the plaintiff's demurrers to the fourth, fifth and seventh pleas, issue was joined on the pleas which had been interposed.

On the trial of the case, it was shown, by the evidence for the plaintiff that the plaintiff executed and delivered to the defendant two mortgages each conveying personal property, one in the sum of $50, dated May 4th, 1895, and due October 1st, 1895, and the other for the sum of $11.25, dated April 2, 1895, and due October 1st, 1895; that these mortgages were recorded in the office of the judge of probate of Chambers county; that the mortgages were paid in full in the year 1897, and that on April 2, 1899, the plaintiff served on and left with the defendant a written request which was in language as follows: "I now notify you to have all my mortgages marked satisfied on the record;" that this notice was addressed to the defendant, Walter Hoffman, and signed by the plaintiff. That the margin of the records wherein the said mortgages were recorded, showed that there was an entry of satisfaction thereon which was dated June 9, 1899, and that said entry was not placed upon the margin of the record until June 9, 1899. The plaintiff testified that he never executed to the defendant but the two mortgages above referred to which were recorded in the office of the judge of probate.

One Graves, a witness for the defendant, testified that he was a partner of the defendant; that he had a conversation with the plaintiff on June 8, 1899, in which the plaintiff told him that if the defendant would enter satisfaction upon the margin of the record of the mortgages, which the plaintiff had made to the defendant, he, the plaintiff, would not claim any damages from the defendant for his failure to enter such satisfaction sooner. That the witness Graves communicated this statement to the defendant, and upon the request of the defendant, he entered satisfaction on the margin of the record of the two mortgages for the defendant on June 9, 1899. This witness further testified that at the time of making the said proposition, the plaintiff did not make it upon condition that the defendant would refund to the plaintiff any money that he had expended in suits which had been pending between the plaintiff and the defendant.

The defendant as a witness in his own behalf denied that the plaintiff had ever given him any notice to enter satisfaction of his mortgages upon the margin of the records thereof.

The plaintiff as a witness in rebuttal testified that when he made the statement to the witness Graves, it was coupled with the condition that the defendant should refund to him, the plaintiff, the money which he had paid in suits which had been pending between them. There was evidence tending to impeach the general character of the defendant for truth and veracity, and the defendant introduced evidence tending to sustain his general character for truth and veracity.

Upon the introduction of all the evidence the court at the request of the plaintiff gave to the jury the following written charges: (1.) "To entitle the plaintiff to recover in this action it is only necessary for him to show that there were mortgages from him to defendant, of record as alleged in the complaint, that the mortgages were paid; that notice in writing was served upon defendant to satisfy the records after payment was made; that the defendant failed to satisfy the records within two months after notice was served." (2.) "If the jury believe from the evidence that the plaintiff had fully paid the mortgages and had served written notice upon the defendant to mark the records satisfied, and that the defendant failed for more than two months to satisfy the records after having received said notice, it is not necessary for the plaintiffs to prove that he sustained any damages on account of such failure." (3.) "This suit is brought for the recovery of a penalty on account of the failure of the defendant to mark the records cancelled or satisfied; the gist of the action is the failure on the part of the defendant to satisfy the records after notice in writing to satisfy, and the plaintiff does not have to prove that he has sustained any damages." (4.) "This suit is founded upon the failure of the defendant to cancel or satisfy mortgages of record after full payment and notice in writing, and not upon any damages that have been sustained by the plaintiff by reason of such failure." The defendant separately excepted to the

giving of each of these charges, and also separately excepted to the court's refusal to give the following written charges requested by him : (1.) "If the jury believe all the evidence, they will find for the defendant." (2.) "If the jury believe from the evidence that the following, 'I now notify you to have all my mortgages marked satisfied on the record,' is a copy of the only written notice that was given to the defendant by the plaintiff to satisfy the mortgages involved in this suit, then they must find for the defendant."

There were verdict and judgment for the plaintiff, assessing his damage at $400. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

ROBINSON & DUKE and HOUSTON & POWER, for appellant.—The demurrers to the complaint should have been sustained.—1 Chitty Pleadings, 236; Stephens on Pleading, 387, rule 5; *Jarrett v. McCabe,* 75 Ala. 325; *Grooms v. Hannon,* 59 Ala. 510; 18 Amer. & Eng. Encyc. of Law 278; *Harrington v. McFarland,* Cam. (N. C.) 408.

The charges were general, and applied to the whole case, when they utterly ignored the issue set up in pleas 4, 5 and 7, and in effect excluded this issue from the consideration of the jury.—11 Amer. & Eng. Encyc. of Law, 248; *Ross v. State,* 117 Ala. 77; *Collins v. Stevens,* 58 Ala. 44.

The court erred in giving charges 1 and 3 for the plaintiffs. It can not be said that the charges given were of such a nature that the defendant should have asked an explanatory charge. This can not be where the charge ignores an issue, or excludes from the consideration of the jury any of the evidence in the case. Neither can it be contended that the issue raised by these pleas was immaterial. It has been well settled by the decisions of this court that if a party joins in an immaterial issue, he must stand by it, and the issue thus joined becomes the law on the case.—*M. & C. R. Co. v. Graham,* 94 Ala. 545; *Reeves v. Skipper,* 94 Ala. 407; *Lewis v. Simon,* 101 Ala. 546; *Mudge v. Treat,* 57 Ala. 1.

[Hoffman v. Knight.]

E. S. THIGPEN, *contra.*—The demurrers to the complaint were properly overruled.—*Williams v. Bowden,* 68 Ala. 126; *Strange v. Powell,* 15 Ala. 452; *Spence v. Thompson,* 11 Ala. 746; *Jennings v. Russell,* 92 Ala. 606; *Levert v. Read,* 54 Ala. 531.

The court committed no error in its ruling upon the charges requested.—*Sanders v. Edmonds,* 98 Ala. 157; *Bromley v. Bir. M. R. R. Co.,* 95 Ala. 397; *Loeb v. Huddleston,* 105 Ala. 257; 109 Ala. 257; *Perryman v. Smith,* 105 Ala. 573; *Clark v. Wright,* 123 Ala. 591; *Steiner v. Snow,* 80 Ala. 45.

DOWDELL, J.—This is a suit for a penalty given by the statute, and the form of the action is debt. The joinder of the two counts in the complaint is authorized by section 3292 of the Code of 1896. The complaint in this case contained the requisite averment and is almost identical with the complaint in the case of *Williams v. Bowdin,* 68 Ala. 126, which was by this court held good on demurrer. The complaint here was not open to any of the assignments or grounds of defendant's demurrer, and the action of the court in overruling the demurrer is free from error.—*Williams v. Bowdin,* 68 Ala. 126; *Renfro v. Adams,* 62 Ala. 302.

The other assignments of error go to the giving of written charges 1, 2, 3 and 4 requested by the plaintiff, and the refusal of written charge No. 2 requested by the defendant. There is no assignment of error to the refusal of written charge No. 1 requested by the defendant.

As was said in *Williams v. Bowdin, supra,* the whole *gravamen* of the action is the failure of the defendant for the time specified in the statute after payment of the mortgage and request made by the mortgagor to enter satisfaction upon the record. Written charge No. 2 contained a statement of the whole *gravamen* of the action, and as a proposition of law this charge is free from the criticism urged by the appellant.

We think the criticism by counsel of charge No. 3 is hypercritical. This charge asserts that "the gist of the action is the failure on the part of the defendant to

[Hoffman v. Knight.]

satisfy the record after notice in writing to satisfy it, and that plaintiff does not have to prove that he has sustained any damages." The definition of "gist" as given in Webster's Unabridged Dictionary is "the main point of a question; the point on which the action rests; the pith of a matter; as, a gist of a question." We think it clear that the failure on the part of the defendant to satisfy the records after notice in writing to satisfy, is the pith of the matter, and the charge being referable to the evidence in the case undoubtedly states a point upon which the action rests. If the charge had any misleading tendency, this could have been obviated by the defendant's asking an explanatory charge. The charge did not withdraw from the consideration of the jury any issue in the case. These charges Nos. 2 and 3, being applicable to both counts in the complaint, and therefore to the whole complaint, and containing as they do correct statements of the law were not misleading, and the court committed no error in giving them.

The suit being for the recovery of a penalty given by the statute, no question of damages sustained by the plaintiff by reason of the defendant's failure to enter satisfaction, arises in the case; therefore, charge 4 correctly states the law, and was properly given.

The effect of charge number 1 given at the request of the plaintiff was to withdraw from the jury all consideration of the matters of defense set up under pleas 4, 5 and 7, and upon which the plaintiff had taken issue. It is equivalent to instructing the jury to find for the plaintiff upon the facts hypothesized in the charge, and in effect does so instruct the jury, notwithstanding they might find from the evidence that these pleas had been sustained. This charge was erroneous, and should have been refused.

The notice to satisfy was in the following language: "I now notify you to have all my mortgages marked satisfied on the record." This reasonably and fairly informed the defendant as to what was required of him, and was a sufficient compliance with the requirements of the statute.—*Steiner v. Snow,* 80 Ala. 45; *Loeb v.*

*Huddleston,* 105 Ala. 257; *Perryman v. Smith,* 105 Ala. 573; *Clark v. Wright,* 123 Ala. 591.

For the error pointed out the judgment of the court must be reversed and cause remanded.