# Partridge v. Wilson.

*Action to recover Statutory Penalty for Failure to enter Satisfaction on Margin of Mortgage Record.*

1. *Statutory penalty for failure' to enter satisfaction on margin of mortgage record; sufficiency of notice.*—After the payment of a mortgage debt, a written request given by the mortgagor to the mortgagee as follows: "You will please cancel all mortgages against me on the record at once," and signed by the mortgagor, is a sufficient request upon which to predicate the mortgagee's liability for failure to enter satisfaction on the margin of the record of two mortgages executed by said mortgagor to the mortgagee.

APPEAL from the Circuit Court of Clay County.

Tried before the Hon. A. H. ALSTON.

This action was brought by the appellant, A. M. Partridge, against the appellee, H. A. Wilson, to recover statutory penalties, amounting to $400.00, for the failure of the defendant to enter satisfaction upon the margins of the record of two mortgages executed by the plaintiff to the defendant, after having been requested so to do in writing. The complaint contains three counts. The first count was in words and figures as follows: 1. "The plaintiff claims of the defendant the sum of two hundred dollars, statutory penalty under section 1036, of the Revised Statute of Alabama, 1896, for that whereas on January 18, 1902, plaintiff executed a mortgage to defendant which 'said mortgage was caused to be placed by the defendant in the probate office of Clay county, Alabama, on the records provided for the record of mortgages. And plaintiff avers that he paid off and discharged said mortgage in full, and that on the 13th day of March 1903, after said mortgage was fully paid and discharged, plaintiff delivered to defendant on, towit, the 13th day of March, 1903, a request in writing, in words and figures as follows, to-wit: 'March 13, 1903, Mr. Wilson, You will

please cancel all mortgages against me on the record at once. Yours respectfully, A. M. Partridge.' And plaintiff avers that notwithstanding such request being delivered to defendant, defendant failed for two months after such request was made to enter on the margin of the record of said mortgage, the fact of such payment or satisfaction as required by said section."

The second count was the same as the first count in its averments, except that it showed by its averments that there was a different mortgage executed by the plaintiff to the defendant than the one described in the first count of the complaint; this second mortgage having been executed on the 9th day of February, 1903, by the plaintiff to the defendant. The request as set forth in the second count was the same as that set forth in the first count of the complaint. The third count of the complaint claimed the sum of $400.00 as statutory penalty for the failure to comply with the request to enter satisfaction on the margin of the record of the two mortgages, as set forth in the first and second counts of the complaint. The defendant demurred to each count of the complaint upon the following grounds: 1st. Neither of said counts of the complaint states a sufficient cause of action. 2d. The notice set forth in each of the counts of the complaint is insufficient at law, and not such a notice as would render the defendant liable for the statutory penalty. 3d. Neither of said counts of the complaint aver that plaintiff served the notice in writing upon the defendant, as required by the statute.

This demurrer was sustained to each of the counts of the complaint. Thereupon the plaintiff amended his complaint by striking out the 3d count and adding to the 1st and 2nd counts of the complaint just after the notice which is copied in said counts, the following words: "Plaintiff avers that defendant knew that said notice was given him by plaintiff, and intended by plaintiff to inform defendant that plaintiff desired that defendant enter on the margin of the records of all the mortgages held by defendant against plaintiff the fact that the same had been paid in full as required by section 1066 of the Revised Statutes of Alabama."

The defendant refiled the same demurrers to each of the counts of the complaint as amended, and further demurred to each of said counts upon the grounds that the amendment to said complaint stated a mere conclusion of the pleader. This demurrer was sustained; and the plaintiff declining to plead further, judgment was rendered for the defendant. Plaintiff appeals and assigns as error the rulings of the court upon the pleadings and the rendition of the judgment for the defendant.

D. H. RIDDLE, for appellant, cited *Gay, Hardie & Co. v. Rogers*, 109 Ala. 624; *Williams v. Bowden*, 68 Ala. 126; *Hoffman v. Knight*, 127 Ala. 150; *Steiner Bros. v. Snow*, 80 Ala. 45; *Dothan Guano Co. v. Ward*, 132 Ala. 380; *Jordan v. Mann*, 57 Ala. 595; *Loan Association v. Echols*, 125 Ala. 552.

No counsel marked as appearing for appellee.

TYSON, J.—It is entirely permissible to join counts for separate and distinct causes of actions to recover penalties under section 1066 of the Code of 1896.—*Hoffman v. Knight*, 127 Ala. 149.

The written request given by the mortgagor, as set out in the first and second counts of the complaint is in this language: "You will please cancel all mortgages against me on the record at once."

The prime question presented by the demurrer to these two counts is whether this request is sufficient to impose the duty on mortgagee of entering "the fact of payment or satisfaction on the margin of the record of the mortgage."

It has been repeatedly said that no particular form of words is necessary to constitute a sufficient request, and that it is sufficient if the language employed, when fairly and reasonably interpreted, informs the mortgagee that a satisfaction on the margin of the record of the mortgage is demanded of him.—*Henderson v. Wilson*, 139 Ala. 327; 36 So. Rep. 516, and other authorities there cited.

Had the request here under consideration employed the word "satisfy" instead of "cancel," it would certainly be sufficient.—*Hoffman v. Knight, supra; Dothan Guano Co. v. Ward*, 132 Ala. 380.

It is undoubtedly true, as said in *Chattanooga National Building & Loan Association v. Echols,* 125 Ala. 552, where the request was simply to cancel the mortgage, no reference being made to the record of it, that it is not notice to enter satisfaction of it on the margin of the record.

But where the demand is as here, to cancel the mortgage *on the record,* it is not possible, it seems to us, for the mortgagee to have misunderstood that he was requested to enter satisfaction of the mortgages on the record.

The request in *Steiner v. Snow,* 80 Ala. 45, which was criticised in *Chattanooga National Building & Loan Association v. Echols, supra,* was "Please cancel my mortgage." These words standing alone, fairly and reasonable interpreted, meant nothing more than a cancellation of the mortgage itself. Had it contained the additional words "on the record," as this one does, making the context read "please cancel my mortgage on the record" it would not have been subject to the criticism and doubtless, as indicated by the language of the opinion, none would have been indulged against it.

In *Jordan v. Mann,* 57 Ala. 595, which was decided when an oral request under the statute was sufficient, the request, according to the plaintiff's testimony, was, referring to the mortgage: "Take it off the record books, and fix it up all right: I don't want to be bothered with it any more, I want it settled on the docket," was held sufficient, if the jury determined it was in fact made. It was there said: "The request the statute contemplates, is simply notice from the mortgagor that the performance of the duty is required or desired. No particular form of words is necessary, but the language employed must be such as will inform the mortgagee that performance of the duty is desired. He must accept and act up it, according to its fair and reasonable meaning and as it would be understood by others of common intelligence."

We feel constrained to hold, that the request here is sufficient to impose the duty upon defendant of complying with the mandates of the statute. It follows from what we have said that the first and second counts of

the complaint as originally found were not subject to those grounds of the demurrer challenging the sufficiency of the request. Furthermore, they were not open to any of the other objections taken to them by the demurrer.— *Williams v. Bourdin,* 68 Ala. 126; *Hoffman v. Knight, supra.*

It is only necessary to say of these counts after amendment that the additional grounds of demurrer interposed to them went only to the amendment and not to the whole of the counts. The amendment consisted simply of an averment of the legal effect of the written request which neither adds to nor detracts from their sufficiency as pleading.

Reversed and remanded.