# Pickett *v.* Frost.

### *Failure to Satisfy Mortgage.*

(Decided February 13, 1913.  61 South. 476.)

1. *Mortgages; Failure to Satisfy; Request; Sufficiency.*—A written request by a mortgagor addressed to the mortgagee, to have "my mortgage marked 'Setel' on the record books in the probate office of Jasper" was a sufficient request under section 4898, Code 1907, to perform the duty imposed and to subject the mortgagor to the penalty imposed upon failure to do so.

2. *Same; Evidence.*—Where the action was for a statutory penalty for failure to enter satisfaction of a mortgage on the margin of the record, and defendant denied that plaintiff had handed to him a request therefor, it was competent for plaintiff to show that he had given such request to defendant.

3. *Evidence; Best and Secondary; Existence of Writing.*—Where such testimony was preliminary to the introduction of the written notice, it was competent to permit a mortgagor to testify that he had made a demand in writing on the mortgagee to mark the mortgage satisfied.

4. *Same; Copy.*—Where it appeared that demand had been made on the mortgagee for the original written demand for the satisfaction of the mortgage on the record, and that defendant denied having it, or having received it, a copy of the request therefor to the defendant became admissible.

5. *Witnesses; Impeachment.*—As tending to show an interest or bias affecting the weight or credibility of the witness's testimony, it was within the discretion of the trial court to permit the witness on cross-examination to be asked how he happened to be in a certain place at the particular time inquired about, and also to ask the defendant on cross as to when he first learned that the witness was in possession of the information furnished him.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by G. B. Frost against D. F. Pickett to recover the statutory penalty for failure to enter satisfaction of mortgage on the margin of the record. Judgment for plaintiff and defendant appeals. Affirmed.

L. D. GRAY, and FRED B. JONES, for appellant. The statute prescribes the penalty and must be strictly construed.—*Groons v. Hannon,* 59 Ala. 510; *Jarett v. McCabe,* 75 Ala. 325; *Scott v. Fields,* 75 Ala. 419. The request set up does not amount to a request to enter satisfaction on the margin of the record.—*Loan Ass'n v. Echols,* 125 Ala. 552; (*Steiner v. Snow,* 80 Ala. 45, is overruled by this case) ; *Partridge v. Wilson,* 141 Ala. 164. The burden was upon plaintiff to prove the service on defendant of such a notice as is contemplated by the statute, and he could not do this by oral testimony. The proper notice was not given to produce the original, (section 4060, Code 1907) and secondary evidence is not admissible.—*Dumas v. Hunter,* 30 Ala. 75.

LACY & LACY, for appellee. The request was sufficient to reasonably inform the appellant as to what was desired of him.—*Henderson v. Wilson,* 139 Ala. 327; *Hoffman v. Knight,* 127 Ala. 156; 7 Words & Phrases, 6446-48. The fact that the word was spelled 'setel' was immaterial.—*Hampton v. The State,* 136 Ala. 182; *Grant v. The State,* 55 Ala. 201. Counsel discuss errors relative to the admission of evidence, but without citation of authority.

PELHAM, J.—This appeal is prosecuted by the appellant from a judgment in favor of the appellee in a suit brought to recover the statutory penalty provided by section 4898 of the Code for a failure to enter the fact of payment or satisfaction of a mortgage on the

margin of the record. The second count of the complaint sets out the written notice given by the mortgagor to the mortgagee, and is in this language: "Sat. Dec. 3, 1910. Mr. D. F. Pickett—Dear Sir: Please have my moregage marked setel on the Record book in the Probate office at Jasper, and Blg. G. B. Frost." The defendant attacked this count of the complaint by demurrer, on the ground that the written request is not sufficient to require the duty imposed by statute on the mortgagee of entering the fact of payment or satisfaction on the margin of the record of the mortgage.

The principal case cited and quoted in the brief of counsel to sustain his contention on this proposition is the case of *Loan Ass'n v. Echols,* 125 Ala. 552, 27 South. 975. It is argued that, as the word "cancel," as used in the notice in that case, was held insufficient as a request, the word "setel" (or "settled"), as used here, cannot be held sufficient as a request. As explained in the later case of *Partridge v. Wilson,* 141 Ala. 164, 37 South. 441, the word "cancel," as used in the request in the case of *Loan Ass'n v. Echols, supra,* was where the notice given was simply a request to cancel the mortgage without making any reference whatever to the record; and it was held in the case of *Partridge v. Wilson* that, where the request was to cancel the mortgage *on the record,* it was not possible for the mortgagee to have misunderstood that he was requested to enter satisfaction of the mortgage on the record, as provided by the statute fixing a penalty for a failure to comply with the request.

The notice shows, on its face, that it was not written by a person skilled in grammatical construction or well versed in orthography; but its meaning, we think, is plain, and as no particular form of word is necessary, but only that the language employed must be such as

will fairly and reasonably inform the mortgagee that performance of the duty imposed by statute is requested, the request set out is sufficient for the purpose intended, and not capable of being misunderstood by one of common intelligence. The fair and reasonable meaning of the request is to inform the mortgagee, to whom it was addressed, that the mortgagor, who signed the notice, desired the record of the mortgage marked settled; and this was sufficient to impose the duty upon the mortgagee of complying with the provisions of the statute by entering the fact of payment or satisfaction on the record.—*Jordan & Sons v. Mann*, 57 Ala. 595; *Partridge v. Wilson, supra.*

There was no error in permitting the plaintiff to testify that he had made a demand in writing on defendant to mark the mortgage satisfied. This was simply preliminary to the introduction in evidence of the written notice, which when introduced, as it was, made it the sole evidence of its contents. It was entirely competent, however, for the plaintiff to testify that he had given such a request to the defendant by handing it to him, a fact in issue and denied by the defendant.

The copy of the request was properly admitted. The witness Lacy testified that he had made demand on the defendant for the original, and that the defendant denied having the original written request, or ever having received it.

There was no abuse of the judicial discretion in allowing the witness Sexton to be cross-examined with reference to how he happened to be in Jasper at the particular time inquired about, as going to show an interest or bias affecting the weight or credibility to be accorded his testimony by the jury. The question asked the defendant on cross-examination, with reference to when he first learned that Sexton possessed the infor-

[Huxford v. Brown, et al.]

mation furnished by him, was admissible for the same purpose.

Charge No. 1, the general charge, requested in behalf of the defendant, was requested on the theory that the written request was not a sufficient demand for the purpose of requiring the defendant to enter satisfaction of the mortgage on the record, and from what has already been said it will appear that we are of the opinion that it was properly refused.

We find no error among those assigned and argued by appellant authorizing a reversal of the case.

Affirmed.