166 So. 771

## INTERNATIONAL HARVESTER CO. v. FULMER.

### 6 Div. 910.

Supreme Court of Alabama.

Feb. 27, 1936.

Rehearing Denied April 9, 1936.

London, Yancey, Smith & Windham and Al. G. Rives, all of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

FOSTER, Justice.

This is an action for the statutory penalty for the failure to satisfy the record of a mortgage. It was tried by the judge without a jury, and he made a special finding of the facts and rendered a judgment for plaintiff.

In so far as we think it is here material to do so, we summarize the facts as specially found to be as follows: Plaintiff bought one Dodge truck of defendant, with deferred payments in installments, secured by a mortgage on it. That mortgage was recorded in the probate office. It was paid in full, and when the last payment was made,

plaintiff told the agent of defendant "to satisfy all records and the mortgage," and the agent promised plaintiff to "fix it up." A few days later defendant mailed to plaintiff the original mortgage and note, but failed to satisfy the record.

We now observe that this suit is not based on that notice, which we presume was verbal. It is not shown to have been in writing, but appears to have been spoken.

Afterwards plaintiff purchased another truck from defendant, in which there were also deferred installment payments secured by a mortgage on it. This mortgage was not recorded. When it was paid, plaintiff wrote defendant a letter which was received, as follows:

"You will find enclosed herewith $15.00 payment, the amount due on Dodge truck, in full.

"Please satisfy all records and mortgage given by Fred Fulmer to the International Harvester Co. of America, for one Dodge Truck.

"[Signed] Fred Fulmer."

Defendant did not satisfy the record of the first mortgage, the only one which was recorded, until after the expiration of thirty days from receipt of the notice, as required by section 9024, Code. The notice is to be construed in the light of collateral facts known to both parties.

The question here is whether the letter, which we have copied, is sufficient to make it clear that it is a notice to enter satisfaction on the record of the first and only mortgage so described which had been recorded. The holding in that respect is an inference from collateral matter in connection with the letter. In reviewing it, the question is whether that is a reasonable inference upon the assumption that the facts as found by the court which support it are true. On such review, it is, of course, helpful to consider the views of this court in respect to analogous situations. It was held that, when there were two recorded mortgages, and the notice was with reference to only one, but did not sufficiently designate which one was intended, it was too indefinite to be effective. International Harvester Co. v. Simpson, 222 Ala. 493, 133 So. 4.

And in another case, where the notice was to "have all mortgages that has (have) been paid satisfied on record, mortgages which I give you," it was held to be sufficient notice under the statute to satisfy any such mortgage which had been recorded in the probate office and paid. It was on the theory that both parties were sure to know what mortgages had been given by one to the other, and what had been recorded and paid, when there was no dispute about either such matter. There was no ambiguity when so considered by either such party. Dothan Guano Co. v. Ward, 132 Ala. 380, 31 So. 748. Similar notices were also thus considered in other cases. Henderson v. Wilson, 139 Ala. 327, 36 So. 516; Partridge v. Wilson, 141 Ala. 164, 37 So. 441; Hoffman v. Knight, 127 Ala. 149, 28 So. 593.

These cases do not conflict with Chattanooga National Bldg. & Loan Ass'n v. Echols, 125 Ala. 548, 27 So. 975, where the notice was merely to cancel the mortgage. It was held that a cancellation of the mortgage does not mean its satisfaction on the record.

If the notice is ambiguous in the hands of one knowing the collateral facts whether it is meant to satisfy the mortgage or the record of it, or what mortgage is referred to, it is not sufficient.

In the same letter plaintiff in his case was making satisfaction of a mortgage on a Dodge truck which was not recorded, and notifying defendant to "satisfy all records and mortgage given * * * for one Dodge truck," when there was only one mortgage on a Dodge truck given by plaintiff to defendant, which was recorded, and it had been paid, and was due to be satisfied on the record, about which there was no controversy. Both parties knew all those facts, whether they were held in memory or not, and it is immaterial that the transactions were conducted by different agents of defendant.

Treating the notice in the light of the facts thus known to them both, we think defendant was bound to understand that it referred to the only such mortgage which had been recorded and paid.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.