# Jordan & Sons *v.* Mann.

*Action against Mortgagee, for failing to enter Satisfaction of Mortgage.*

57  595
121  469

57  595
e141  167
141  243

1. *Entering satisfaction of mortgage; liability of mortgagee for failure.*—The mortgagee is not liable to the statute penalty (Code of 1876, §§ 2222, 2223,) for failing to enter satisfaction of mortgage after the debt has been paid, unless he omits, for three months after the request of the mortgagor, to perform the duty.

2. *The request or notice from mortgagor; what no defense.*—The request the statute contemplates, is simply notice from the mortgagor that performance of the duty is required or desired. No particular form is necessary, and it is no excuse for delinquency by the mortgagee that *he did not understand it as a request,* if that is its fair and reasonable meaning.

3. *Principle as to reasonable doubt; when not applicable.*—The principle prevailing in criminal prosecutions, that if the jury entertain a reasonable doubt they must acquit, has no application to civil suits for the recovery of statutory penalties.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. H. D. CLAYTON.

Action was brought by appellee against appellants for the recovery of the penalty of two hundred dollars, allowable to the party aggrieved under sections 2222, 2223, of the Code of 1876, for failure of mortgagee to enter satisfaction on the margin of the record when the mortgage debt has been paid. There is no dispute about the fact that the record had not been marked "satisfied," but the question is, whether the defendant had been requested to enter such satisfaction. The plaintiff and his witnesses testified, that at the time of the settlement plaintiff said to defendant, referring to the mortgage: "Take it off the record books, and fix it up all right; I don't want to be bothered with it any more. I want it settled on the docket." Defendant's testimony was, "that plaintiff did not request him at the time of the settlement to satisfy the mortgage on the record, but said to him to fix his books up all right in the store; that he was an unlearned man, and did not want to be troubled with it any more." The court then charged the jury, the defendant excepting to the following paragraph: "If, in speaking of the mortgage, the the plaintiff said to the defendant, '*I want you to settle it on the record,*' and you believe he meant the record in the probate office, and the defendant ought under the circumstances

[Jordan & Sons v. Mann.]

to have so understood it, that is sufficient." The defendants. then asked the court, in writing, to charge, " that unless the jury are satisfied from all the evidence that the defendants understood that the plaintiff requested them to enter satisfaction of the mortgage upon the margin of the record, they must find for defendants;" which was refused, and defendants excepted. These several rulings are now assigned as error.

NORMAN & WILSON, for appellants.—1. The charge given should have been refused. Before the plaintiff could recover, a demand to "satisfy the mortgage on the record" should have been made in language so certain as to leave no doubt on the minds of defendants as to the request made.

2. The testimony was doubtful and conflicting, but under the charge given the defendants were denied the benefits of doubt arising from the conflicting evidence, and this was a case under a penal statute.—*Chase v. N. Y. Central R. R. Co.* 26 N. Y. 523; *Enterprise,* 1 Paine, 32, par. 3.

3. The charge asked should have been given, because it was predicated on all the evidence.

D. M. SEALS, and H. C. TOMPKINS, *contra.*—1. It was not necessary for the plaintiff to make out his case, in actions of this character, *beyond a reasonable doubt.* It is not a criminal prosecution.—28 Ala. 65; *Hitchcock v. Memger,* 15 N. H. 97.

2. Wherever the law requires à notice to be given, or a demand to be made, it only requires the use of language from which the demand or notice may be reasonably inferred. *Bennis v. Charles,* 1 Metc. 440; *Waldon v. Davison,* 11 Wend. 65; *Saltmarsh v. Tuthill,* 13 Ala. 390; *Wood v. Watson,* 53 Me. 300; *Renick et al. v. Robbins,* 28 Mo. 339.

3. When the mortgage debt was paid to appellants, it became their *legal duty* to *satisfy* the mortgage, and any request by mortgagee ought easily and readily to have been understood by appellant. If the appellee made that simple request of one of the appellants, that was sufficient, and *evidence* on that point was all that was necessary. The charge given did not violate the law involved in that principle. The charge refused did no injury to appellant.

BRICKELL, C. J.—The statute subjects a mortgagee, the mortgage debt having been paid, who fails for three months after request of the mortgagor, to enter satisfaction

upon the margin of the record of the mortgage, to a penalty of two hundred dollars, recoverable by the party aggrieved. Code of 1876, §§ 2222, 2223. The disputed question of fact in the present case was, whether the mortgagor had, after payment of the mortgage debt, requested the mortgagees to enter satisfaction on the record. The entry of satisfaction is a duty the statute casts on the mortgagee. He is not in default, and subjected to the penalty, unless he fails for three months after request of the mortgagor, to perform the duty.

2. The request the statute contemplates, is simply notice from the mortgagor that performance of the duty is required or desired. No particular form of words is necessary, but the language employed must be such as will inform the mortgagee that performance of the duty is desired. He must accept and act upon it, according to its fair and reasonable meaning, and as it would be understood by others of common intelligence. It is no excuse for his delinquency, that he *did not understand it as a request*, if that is its fair and reasonable meaning, and such would be its common acceptation. The request being oral, the sufficiency of the evidence to prove it, is a matter for the consideration of the jury, under proper instructions from the court. The instruction given the jury conforms substantially to this view, but it is urged that it erroneously assumes as proved, a declaration of the mortgagor to the mortgagees, of which there is no evidence. We do not so construe it. The court did not assume to repeat the evidence to the jury, or any of the declarations proved, in the language employed by the witnesses, but simply to instruct them as to the difference in the effect of the declarations of the mortgagor, as the evidence for the plaintiff, or defendants, tended to establish them. If the declaration was that he wished the mortgage settled on the books of the mortgagees, the jury were instructed it was not a request to enter satisfaction on the record. But if the effect of the declaration was, that *he wished it settled on the records*, then, if the mortgagees understood him as referring to the record of the mortgage, it was a request to enter satisfaction on the record.

3. The principle prevailing in criminal prosecutions, that if the jury entertain a reasonable doubt, they must acquit, has no application to civil suits for the recovery of statutory penalties.—*Hitchcock v. Munger*, 15 N. H. 97.

Judgment affirmed.