# The New South Building & Loan Association v. Bowie.

121 465
125 498
121 465
141 243

*Action for Penalty for Failure to Enter Credits on Record of Mortgage.*

1. *Partial payments on mortgage; what are.*—Where a mortgage in terms secures the payment of the debt and interest—the sum loaned to the mortgagor, and monthly installments of a given sum as interest thereon—the payments of interest, from time to time, as provided for are partial payments within the intent and letter of the statute.

2. *Same; what sufficient request to enter payments on record.*—A letter addressed by the attorney of a mortgagor to the mortgagee which identifies the recorded mortgage, and requests the mortgagee to "enter upon the records of this county where said mortgage is recorded each and every partial payment made thereon by said A. Y. Bowie," the mortgagor, and which contains the further statement that "in any event we demand the entry of partial payments to be made on the mar-

30

[The New South B. & L. Association v. Bowie.]

gin of the record," is a sufficient request; and it is of no consequence that the letter also states that it is the contention of the mortgagor that the mortgage was fully paid, and demands its cancellation on the record and a return of the papers.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. GEO. E. BREWER.

Action by A. Y. Bowie against the New South Building & Loan Association to recover the statutory penalty for the failure on the part of the defendant, after request made by the plaintiff, to enter on the margin of the record of a mortgage, partial payments made by the plaintiff.

The facts are stated in the opinion.

WHITSON & GRAHAM, for appellant, contended, that the statute is highly penal and should be strictly construed, citing, *Grooms v. Hannon*, 59 Ala. 512; *Postal Tel. Co. v. Lenoir*, 107 Ala. 640; *Russell v. Irby*, 13th Ala. 131; *Bettis v. Taylor*, 8th Porter, 564; *Jarrett v. McCube*, 75 Ala. 326; *Scott v. Field*, 75 Ala. 419; *Jones v. Brooks*, 30 Ala. 588; *Gunter v. Leckey*, 30 Ala. 591; *Brooks v. The State*, 88 Ala. 127; *Dudley v. the Western Union Tel. Co.*, 54 Mo. App. 391; Jones on Mortgages, Sec. 991; *Burrows v. Bangs*, 34 Mich. 304; *Canfield v. Conkling*, 41 Mich. 371; *Meyer v. Hart*, 40 Mich. 517. (2). The request was not sufficient.—*Perryman v. Smith*, 105 Ala. 573. (3). There were substantial grounds of contestation of the fact as to their being any partial payments.—*Southern B. & L. Ass'n v. Anniston L. & T. Co.*, 101 Ala. 585; *Robertson v. Homestead Association*, 69 Am. Dec. 163; *Richard v. S. W. B. & L. Ass'n*, 15 So. Rep. 643.

BROWN & DRYER and KNOX, BOWIE & DIXON, *contra*. The request was sufficient no particular form of words being necessary.—*Jordan v. Mann*, 57 Ala. 597; *Steiner v. Snow*, 80 Ala. 45; *Loeb v. Huddleston*, 105 Ala. 257; *Bell v. Wilkinson*, 65 Ala. 477; *Renfroe v. Adams*, 62 Ala. 392.

McCLELLAN, C. J.—This is an action by Bowie against the New South Building & Loan Association, to recover the penalty prescribed by section 1065 of the Code (§ 1868 of the Code of 1886) for a failure on the part of the defendant to enter alleged partial payments made by plaintiff upon a mortgage which he had executed to defendant on the margin of the record of said mortgage, request that such payments be so entered having, the complaint avers, been made. There are really but two questions in the case, viz: *First,* whether the payment of stipulated instalments of interest are partial payments on this mortgage, under the statute; and if so, *second,* whether the mortgagor made the statutory request that they be entered on the record of the mortgage.

The mortgage in terms secures the payment of the debt and interest, the sum of eight hundred dollars loaned to the mortgagor and monthly instalments of four dollars as interest thereon. It is shown, admitted indeed, that divers sums of four dollars each have been paid under the mortgage as interest on the principal of eight hundred dollars from month to month, that none of these payments have been entered on the record, and for the purposes of this case, that nothing has ever been paid on the principal. Our opinion is that these payments of interest were "partial payments" within the intent and letter of the statute. They were secured by the mortgage in the same way that the principal is secured. The liability for their payment at maturity was upon the mortgagor and upon the mortgaged property just as was the liability for the payment of the principal sum. At maturity these instalments were just as much in every sense a debt from the mortgagor to the mortgagee secured by the mortgage as was the principal. To the extent of the amounts of the instalments so paid, the failure to enter the payments on the record was of the same detriment to the mortgagor as a failure to enter part payment of the principal would have been, and such failure is as clearly within the purposes of the statute. They are, in other words, within the scope and purposes of the enactment, and they also fill all its terms, if they can be said to be "partial payments."

Under this mortgage the sum secured at any given time was made up of two items, viz., the unpaid principal and the accrued interest. The aggregate of these items was the amount to the reduction of which any ·payment less than the whole was to be applied. Any payment less than the total of principal and interest was essentially a "partial payment" of the sum secured. It is of no consequence that by the terms of the mortgage the monthly payments of four dollars were payments on and of the interest. Had there been no provision in the mortgage for the separate payment of interest, but only that the interest should be four dollars per month, and had these several payments of four dollars been made generally without reference in the mind of the mortgagor to the interest, the law, even apart from our 'statute, would have applied them to the interest. And the statute not only so directs, but in doing so affords a definition of "partial payments" which embraces payments of interest only, and which is of special force as applied to the section (1065) we are considering as the definition is part of the body of laws of which said section is another part. The statute referred to is section 2629 of the Code (§ 1753 Code of 1886), and is as follows : *"Partial payments applied to interest.*—When partial payments are made, the interest due is first to be paid, and the balance· applied to the payment of the principal." Here is a clear recognition of the unity of the items of principal and interest as constituting and aggregating the debt to be paid, and an equally clear recognition of all payments less than the whole made against that aggregate as "partial payments." The sum paid in a given instance is none the less a "partial payment" under the statute, and none the less so denominated by it for being in part applied to accrued interest; and too it would obviously be none the less a "partial payment" on the debt if less in amount than that part of the debt made up of accrued interest and wholly applied to the interest. And there is another Code definition of the phrase "partial payment" to the same effect. Section 2811 (2628 Code of 1886) provides that "a partial payment made upon the contract by the party sought to be charged before the bar is complete" will take the obligation out of the

statute of limitations; and it is thoroughly well settled of course that the payment of interest is a "partial payment" under this provision. There is, as we have seen, no conceivable reason to be found in the context of section 1065 or in its purview—its objects and intents—for applying to the term "partial payments" as employed therein a different meaning from that which attaches to it under the common law and which is given to it wherever it is used in other parts of the Code; and we have no doubt of correctness in reaching and declaring the conclusion of the trial court, that the payment of the interest secured by this mortgage was a partial payment within the spirit and letter of that section which the mortgagor was entitled to have entered on the margin of the record of the mortgage. In so holding we do no violence to the doctrine that a penal statute must be strictly construed. However highly penal an enactment may be, there can be no warrant for excluding from its operation anything falling both within its purposes and its expressed terms.

We are also of opinion that the written request was sufficient and that the fact of its having been made was sufficiently proved. The letter which was sent to the mortgagee by the mortgagor's attorneys and which was received by the defendant identified the mortgage and requested that the mortgagee "enter upon the margin of the records of this county where said mortgage is recorded, each and every partial payment made thereon by said A. Y. Bowie," the mortgagor; and the letter contained this further * * * * "In any event we demand the entry of partial payments to be made on the margin of the records." This, considered by itself, was, upon all the authorities, a sufficient request.—*Jordan v. Mann*, 57 Ala. 597; *Steiner v. Snow*, 80 Ala. 45; *Loeb v. Huddleston*, 105 Ala: 257. And it is of no consequence that in the same letter it is said: "It is our contention that this mortgage has been paid: we, therefore, request you to mark upon the records of this mortgage in this county the fact that it has been paid and satisfied in full and that you return to us the papers." This request for an entry of satisfaction to which the mortgagor may not have been entitled, did not relieve the mortgagee from

its duty to enter payments which had been made, and the making of the two requests in the same letter did not eviscerate that one which the mortgagor had a right to make. Nor is it material that the mortgagor considered that not only the installments of interest, but the premiums and dues on stock paid were partial payments on the mortgage, while the mortgagee thought otherwise and may have been right in so thinking. That the defendant thus in good faith conceived that it had and may have had substantial grounds to contend that the payment of "premiums" on the loan and dues on the stock were not partial payments on the mortgage can afford it no excuse for failing to enter the payments of interest, which were clearly partial payments under the statute and which the company must be held as matter of law to have known.

The case was tried on the second count as amended. This count avers stipulations for the monthly payment of premiums on the loan and stock dues, and this averment is proved by the mortgage; but it does not aver the payment of such premiums and dues or either. The argument of counsel to the effect that even if payments of interest be partial payments under the statute, plaintiff, having averred payment of premiums and stock, was bound to prove such payments before he can recover, etc. etc. is lacking in the necessary basis of fact.

The questions decided in the case of *Gwin v. National Building and Loan Association*, (MS.), at the present term, are not involved in this record.

The judgment of the circuit court must be affirmed.
Affirmed.