# Dothan Guano Company v. Ward.

*Action to Recover Statutory Penalty for Failure to Enter Satisfaction of Mortgage on Record.*

[Decided February 13, 1902.]

1. *Action for statutory penalty; defenses; assignment of mortgage after its payment.*—A mortgagee cannot assign the mortgage after it has been paid so as to avoid the statutory duty to enter satisfaction on the margin of its record; and a plea, alleging the assignment of the mortgage, without showing that it was assigned prior to its payment, is demurrable.

2. *Same; request by mortgagee to probate judge to cancel mortgage.*—The fact that the mortgagee, upon receipt of a notice from the mortgagor, wrote the probate judge requesting him to mark the mortgage satisfied, is no defense to an action against the mortgagee for the statutory penalty for failure to mark the record of the mortgage satisfied.

3. *Motion to strike pleading; bill of exceptions; review.*—A ruling on a motion to strike a pleading, in order to be reviewable, should be shown by bill of exceptions.

4. *Mortgage, what is; instrument containing no defeasance.*—An instrument in writing, reciting that it is given to secure the delivery of cotton in payment of a debt, and authorizing the grantee to take possession of the property conveyed after the maturity of the obligation, is a mortgage, although it contains no express defeasance.

5. *Same; construction of as to time of taking possession.*—Where by the terms of a mortgage the mortgagee is authorized to take possession only after condition broken, this by necessary implication excludes the right of possession in the mortgagee before condition broken.

6. *Satisfaction of mortgage, when request sufficient under Code, § 1066.*—In an action for the penalty provided by § 1066 of the Code for failure of the mortgagee, on written request from the mortgagor, to mark satisfied the record of a mortgage, a request is sufficient, which is directed to a corporation, and an individual (its president) and is signed by the mortgagor, and is in these words: "Have all mortgages that has been paid satisfied on record, mortgages which I give you."

[Dothan Guano Company v. Ward.]

7.  *Evidence; competency; instructions to probate judge to satisfy*
    *mortgage.*—Evidence of a clerk and book-keeper for defend-
    ant's president, ⌐at he wrote a letter to the probate judge on
    receipt of plaintiff's request to mark a mortgage satisfied, is
    rendered competent by subsequent testimony of plaintiff that
    such president admitted to him that he had received the
    notice and requested his said clerk to write the probate judge
    to mark satisfied the record of the mortgage.

8.  *Action for statutory penalty; general charge.*—Where the evi-
    dence showed that plaintiff's mortgage to defendant had been
    paid in full, and no entry of satisfaction was entered on the
    margin of the record within the time allowed, and there was
    evidence authorizing an inference that defendant seasonably
    received the request (which was sufficient in form), defend-
    ant was not entitled to the general charge.

9.  *Same; construction of statute; province of court and jury;*
    *charge.*—A charge to the jury that a statute is penal in its
    nature and must be strictly construed is properly refused;
    the construction of the statute being for the court alone.

10. *Misleading charge; omitting reference to evidence.*—A charge
    which instructs the jury that certain evidence is the only
    evidence from which they have a right to infer a certain fact,
    is erroneous, where there was other evidence authorizing such
    inference.

11. *Action for penalty for failure to satisfy mortgage; request;*
    *charge.*—Where on the trial of an action against a corpora-
    tion for the statutory penalty for failure to mark a mortgage
    satisfied, here was no pretense that the request was made to
    the defendant except through its president, defendant was en-
    titled to a charge that to authorize a recovery by plaintiff it
    was necessary for the jury to be reasonably satisfied from
    the evidence that such president received the request two
    months before the bringing of the suit.

APPEAL from Henry Circuit Court.

Tried before Hon. JOHN, P. HUBBARD.

This was an action instituted on September 8, 1899,
by the appellee, John J. Ward, against the appellant,
the Dothan Guano Co., in which the plaintiff sought to
recover from the defendant two hundred dollars, the
statutory penalty for the defendant's failure to enter
satisfaction upon the margin of the record of a mort-
gage, in the office of the judge of probate.

In the complaint the plaintiff averred that on Febru-
ary 10, 1896, he executed a mortgage to the defendant

corporation, which was duly recorded in the office of the judge of probate of Henry county; that he paid to the defendant the debt secured by said mortgage, and that on February 17, 1899, he made a demand in writing of the defendant to enter the fact of payment or satisfaction on the margin of the record of said mortgage, and that for more than two months after said request the defendant failed to make such entry. The defendant filed the following pleas: "1st. Nonassumpsit. 2d. For further answer defendant says that plaintiff never requested it in writing to enter satisfaction or the fact of payment of said mortgage on record in which the same was recorded. 3d. For further answer to said complaint defendant says at the time plaintiff demanded of it to enter satisfaction or the fact of payment of said mortgage on the record the defendant did not own said mortgage, but had transferred the same to W. C. O'Neal and John T. Thrasher, on the 18th day of July, 1898, and said mortgage on said 18th day of July, 1898, became the property of said O'Neal and Thrasher." "A." Comes the defendant and in answer to complaint filed in said cause pleads: 1st. That upon receipt of the notice to cancel said mortgage defendant wrote Dan Gordon a letter directing him to cancel said mortgage referred to in said notice. And defendants aver that Dan Gordon was judge of probate of said county at the time said letter was written him, and said letter was received by due course of mail by said Dan Gordon."

The plaintiff demurred to the third plea upon the following, among other grounds: "2d. Because said plea fails to allege any transfer of the said mortgage prior to its payment, to defendants." The record also shows that the plaintiff moved to strike plea "A" from the file. This motion and the ruling thereon, however, are not shown by the bill of exceptions. It is shown by the minute entry that the demurrer to plea number three and the motion to strike plea A were each sustained.

On the trial of the cause the plaintiff offered in evidence a paper writing which was in words and figures as follows: "Dothan, Ala., February 10th, 1896. On

or before the 15th day of September, next, I promise
to pay to Dothan Guano Co. or bearer, six hundred and
fifty pounds middling lint cotton well packed, or pay
the market value for same with interest at this office,
Dothan, Alabama, for value received and I hereby
waive all right of exemption under the constitution and
laws of the State of Ala., as to the collection of this
debt, and I agree to pay the cost of recording this in-
strument, together with reasonable attorney's fees, and
all other expenses incident to the collection of the same
whether by suit or otherwise, and to secure the above
note, as well as any other accounts I may owe to Dothan
Guano Co. or bearer at or before the maturity of this
note, I hereby grant, bargain, sell and convey to Dothan
Guano Co. or bearer all of my live stock; and all other
personal property and the entire crop raised by me
or for me or in which I may be interested during the
years 1896 and 1897, in Henry county, Alabama, or
elsewhere, all or any of which property he may after
this note matures, and for the payment thereof, seize
and sell as he deems best. I certify that all the prop-
erty above conveyed is free from all lien and incum-
brances whatsoever. Witness my hand and seal this
the 10th day of February, 1896." This writing was
signed by the plaintiff, J. J. Ward, and was duly ac-
knowledged by him before a notary public. The de-
fendant objected to the introduction of said paper in
evidence upon the following grounds: 1. Said paper
was not a mortgage. 2. It was not the mortgage de-
scribed in the complaint. 3. It shows on its face that
it was not given to secure a debt, and 4th, because it
was illegal, irrelevant and immaterial. The court over-
ruled the objection, and the defendant duly excepted.

The plaintiff as a witness in his own behalf testified
that he executed the paper offered in evidence, and
that he had paid the debt secured thereby; that on Feb-
ruary 17, 1899, he sent a written demand to the de-
fendant to have said mortgage marked satisfied upon
its record in the office of the judge of probate; that
this notice was sent by one Elijah Willis. Elijah Willis,
as a witness, upon being shown the written demand
which was sent by the plaintiff to the defendant, testi-

fied that he went to the place of business of W. C. O'Neal, who was the president of the defendant corporation, for the purpose of delivering to him said notice; that not being able to find said O'Neal, he delivered said notice to J. A. Davis, who was, at that time, the bookkeeper of said O'Neal, and who was in the office of the defendant company. J. A. Davis, as a witness for the plaintiff, testified that on February 17, 1899, said Willis delivered to him the notice from the plaintiff to O'Neal; that at the time of receiving said paper, he, Davis, was acting as bookkeeper for O'Neal; that he filed said notice on the book in the office where O'Neal's letters were filed as they were received, but he never notified O'Neal or any one connected with the corporation about receiving said paper, until after the institution of this suit; that at the time of receiving said notice he was not an officer or in any way connected with the defendant corporation.

The plaintiff then asked the witness Davis the following question: "Did you not, upon receipt of the paper sent by Ward through the witness Willis, write a letter to Dan Gordon, probate judge of Henry county?" The defendant objected to this question upon the ground that Davis had no authority to write such letter, and because it called for irrelevant and immaterial testimony. The court overruled the defendant's objections, and to this ruling the defendant duly excepted. The witness answered that he did write to the probate judge of Henry county a letter upon the receipt of said notice. The court overruled the defendant's motion to exclude this answer from the jury, and to this ruling the defendant duly excepted. The witness Davis further testified that he had no authority to answer the letters received by the defendant corporation; that he did write letters for Mr. O'Neal in reference to matters pertaining to the defendant corporation, but in doing so it was as a matter of accommodation to Mr. O'Neal, and that O'Neal did not direct him to write the letter to the probate judge after the receipt of said notice. The plaintiff then offered in evidence the notice which was sent by Ward and which is copied

in the opinion. The defendant objected to this notice in evidence, upon the ground that it was directed to the Dothan Guano Co. and also to W. C. O'Neal; that it was not a notice to the defendant corporation to cancel the mortgage described in the complaint, and because it was not shown that said notice was served on the defendant corporation or any of its officers. The court overruled the objection, and the defendant duly excepted. The plaintiff then offered in evidence the record of mortgages in the office of the judge of probate of Henry county, in which the mortgage introduced in evidence had been recorded, and said record showed on its face that no entry of satisfaction or payment had been made on the margin thereof.

W. C. O'Neal, as a witness for the defendant, testified that on February 17, 1899, he was president of the Dothan Guano Co.; that neither he nor the company had received notice from Ward to satisfy the mortgage offered in evidence until after the institution of this suit; that J. A. Davis had no authority to write any letter or transact any business for the defendant corporation. The plaintiff in rebuttal testified that after the institution of the suit W. C. O'Neal made the following statement to him: "Why did you bring this suit? As soon as I got your notice I had Davis to write Dan Gordon to satisfy the record, and if it is not marked satisfied it is Gordon's fault." W. C. O'Neal, upon being again introduced as a witness, testified that he did not make this statement to the plaintiff. It was shown by the evidence that the notice introduced in evidence was given more than two months before the suit, and that the letter to Gordon was written more than two months before the suit.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence in this case, they must find for the defendant." (2.) "The court charges the jury that the law authorizing the mortgagor to maintain an action against the mortgagee for failing to enter satisfaction or payment on the record is pe-

nal in its nature and must be strictly construed; and if on consideration of all the evidence they are not reasonably satisfied that the defendant was notified by plaintiff in writing to enter satisfaction of payment on the record two months before this suit was brought, they must find for the defendant." (3.) "The court charges the jury that unless they are reasonably satisfied from the evidence in this case that W. C. O'Neal had notice of the contents of the paper delivered by the witness Willis to Davis two months before the bringing of this suit, their verdict must be for the defendant." (4.) "The court charges the jury that there is no evidence in the case that said notice to cancel was served on O'Neal as president of the Dothan Guano Co. or was brought to his knowledge, except that of the plaintiff when he stated that O'Neal told him that he had Davis to write the letter to Gordon." (5.) "The court charges the jury that before they can find for the plaintiff in this case they must be reasonably satisfied from all the evidence in this case that W. C. O'Neal, as president of the Dothan Guano Co., was served with notice to cancel said mortgage or that said notice was brought to the knowledge of said O'Neal as said president before this suit was brought."

There were verdict and judgment for the plaintiff, fixing his recovery at $200. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

ESPY, FARMER & ESPY, for appellant.—(1.) The instrument offered in evidence was not a mortgage.—*So. B. & L. Asso. v. McCants,* 120 Ala. 616; *Koch v. Briggs,* 73 Am. Dec. 651; *Moore v. Calkins,* 29 Am. St. Rep. 128. (2.) The request was not sufficient under the statute.—*Chat. Nat. B. & L. Asso. v. Echols,* 125 Ala. 548. (3.) Plaintiff was not entitled to recover because there was no proof of the allegation in his complaint that during the two months no suit was pending or instituted, in which the fact of payment was or might be contested.—93 Ala. 306; 79 Ala. 436; 75 Ala. 136; 92 Ala. 187. (4.) Charge number two requested by

plaintiff should have been given.—*S. B. & L. Asso. v. McCants*, 120 Ala. 622; *Grooms v. Hannon*, 59 Ala. 510; *Garret v. McCabe*, 75 Ala. 325; *Scott v. Fields*, 75 Ala. 419; *Chat. Nat. B. & L. Asso. v. Echols*, 125 Ala. 548.

E. A. TURNER, for appellee, as to the sufficiency of the instrument to constitute a mortgage, cited *Hoyt v. Bradley*, 27 Me. 242; *Mitchell v. Burnham*, 44 Me. 286. (2.) The notice or request was sufficient.—*Jordan v. Mann*, 57 Ala. 595; *Mitchell v. Nodawoy Co.*, 8 Mo. 257.

McCLELLAN, C. J.—A mortgagee cannot assign the mortgage *after it has been paid* so as to avoid the statutory duty to enter satisfaction on the margin of its record in the office of the judge of probate. The complaint does not allege when the mortgage was paid further than that it was paid prior to February 17, 1899, when, it is alleged, the request to enter satisfaction on the record was made. Defendant's third plea fails to aver the assignment of the mortgage before its payment, and was, therefore, open to the second assignment of demurrer.

Defendant's plea "A" was so obviously and palpably wanting in merit as to be frivolous. It was properly stricken on motion. Were this otherwise, the action of the court on the motion to strike should have been presented here by bill of exceptions.

The instrument which plaintiff executed and sought to have satisfied of record is a mortgage. It was made to secure the delivery of cotton in payment of a debt or the payment of the value of the cotton on the day of maturity. It would have been none the less a mortgage had it been conditioned for the delivery of the cotton without alternative.—Jones Chattel Mortgages, § 1. It is no objection to it as a mortgage that it contains no express defeasance. It expressly evidences a sale to secure a debt, and from this a defeasance is implied.—*Ib.* § 17. It in terms authorizes the mortgagee to take possession only after maturity of the obligation, and by necessary implication excludes the right of possession in the mortgagee before condition is broken;

[Dothan Guano Company v. Ward.]

but it would have been a mortgage even if it had been silent as to the time when the mortgagee should take possession or had stipulated that possession should pass at once. And the creditor being a mortgagee, the equity of redemption from him existed in favor of the mortgagor until foreclosure, and after foreclosure the statutory right of redemption.

The written request to enter satisfaction was sufficient. It was as follows: "February 17th, 1899.—Dothan Guano Co. Mr. W. C. O'Neal. Have all mortgages that has been paid satisfied on record, mortgages which I give you. Respectfully yours John J. Ward." O'Neal was the president of the guano company, and attended to all its affairs. This doubtless accounts for his name being in the address. But conceding that on the face of the writing it was a request to the company and to O'Neal as an individual and sought entry of satisfaction on the record of all mortgages which Ward had executed to either the company or O'Neal or to them jointly and which he had paid, it would still be a sufficient request to enter satisfaction on the record of any mortgage given to either or both by Ward, and recorded in the probate office which had been paid. They knew as well as he did what mortgages he had given them and what had been recorded and paid; and they would be put at no disadvantage by the generality of the request in the respect under consideration. Notwithstanding the request is as to "mortgages," and concededly addressed to two parties, it could have been fully complied with by the entry of satisfaction on the margin of the record of one mortgage by one of the parties, if, as seems to be the fact, there was but one mortgage in question and that was executed to the guano company.

The testimony of Davis as to his writing a letter to Dan Gordon, the probate judge of Henry county, on the receipt of Ward's request was rendered competent by the subsequent testimony of plaintiff that O'Neal admitted to him that he had received the notice and had Davis to write to Gordon to satisfy the record of the mortgage, etc.

[Scott v. Holland.]

Defendant was not entitled to the general charge: The instrument sought to have satisfied was a mortgage; it had been paid in full; the request was sufficient; there was evidence from which the jury were authorized to infer that the defendant had seasonably received the request, and no entry of satisfaction was entered on the margin of the record within the time allowed after request.

Charge 2 was properly refused to the defendant. The jury had nothing to do with the construction of the statute: That was for the court alone.

There was other evidence than that referred to in charge 4 from which the jury had a right to infer that Ward's request was "served on or brought to the knowledge of O'Neal." Hence that charge was properly refused.

Charges 3 and 5 requested by the defendant should have been given. There was no pretense in the case that the request was made to the defendant company otherwise than through its president O'Neal. If the request was not made to O'Neal for the company it was not made at all. So that to a recovery it was necessary for the jury to be reasonably satisfied that O'Neal received the request two months before suit brought, as declared in charge 3, else the time allowed the company to enter satisfaction had not lapsed, and, of course, at some time before the institution of the suit, as declared in charge 5.

For the errors committed in refusing these charges the judgment must be reversed. The cause is remanded.