# Lynn *v*. Bean.

*Action to recover Statutory Penalty for Failure to enter Partial Payment on Margin of Record of Mortgage.*

1. *Action to recover penalty for failure to enter partial payment on margin of the mortgage record; sufficiency of complaint.* A complaint sufficiently states a cause of action for the recovery of the statutory penalty, which claims of the defendant $200.00, "because defendant failed to enter upon the margin of the record of the mortgage executed on April 11th, 1900, by plaintiff to defendant, which mortgage was recorded in the office of the judge of probate of Morgan county, Ala., a partial payment of $23.00, which plaintiff had made to defendant, and defendant so failed to enter such partial payment for 30 days after plaintiff had in writing requested the defendant to make such entry."

2. *Pleading and practice; rulings upon motion to strike pleas; not reviewed unless shown by bill of exceptions.*—The rulings of the trial court upon motions to strike from the file certain pleas, can not be reviewed on appeal unless such motions and the rulings thereon are presented by a bill of exceptions.

3. *Action to recover statutory penalty for failure to enter partial payment on margin of record; sufficiency of request.*—A written request, duly dated, signed by a mortgagor, and addressed to a mortgagee, stating: "You are hereby requested to place a credit of $23.00 on the margin of record of mortgage that I gave you in 1900," is sufficient; it appearing that said mortgagor only gave one mortgage to said mortgagee during the year 1900; and in an action to recover the statutory penalty for failure to enter a partial payment on the margin of the record after such request, said written request is admissible in evidence.

4. *Action to recover statutory penalty for failure to enter partial payment on margin of record; admissibility of evidence.*—In an action by a mortgagor against a mortgagee to recover the statutory penalty for failure to enter partial payment on margin of record of mortgage after being requested in writing so to do, where a witness for the plaintiff testified that he had

[Lynn v. Bean.]

delivered the written request to the defendant, it is not competent for the defendant to ask said witness, if he (the defendant) did not tell the witness at the time he delivered said request, that the mortgage referred to had been settled and satisfied.

5. *Same; same.*—In such a case it is not competent for the defendant to prove that after the institution of the suit, he had entered on the margin of the record of the mortgage, that said mortgage was satisfied.

6. *Payment; application thereof.*—Where a mortgagor is indebted to his creditor upon an open book account, in addition to the mortgage debt, upon his making a payment in money to the creditor, he has the right to have the payment applied to either debt he may desire, and if he directs the creditor to apply the payment to the credit of the mortgage debt, the creditor has no right to apply it to the open account.

7. *Same; same; when receipt not conclusive.*—In such a case where upon the making of a payment, the creditor gave to the debtor a receipt, stating that the payment was made upon the open account, such receipt is not conclusive that the payment was directed to be so applied, but it is subject to explanation; and if the debtor did not agree to its being so applied and directed its application to the mortgage debt, then such receipt does not show that the payment was made on the book account.

8. *Action against mortgagee to recover statutory penalty for failure to enter partial payment on margin of mortgage record; burden of proof.*—In an action brought by a mortgagor against a mortgagee to recover the statutory penalty upon the latter's failure to enter a partial payment upon the margin of the record of the mortgage, after being requested in writing to do so, where the defendant, by special plea, sets up that at the time the request was made to enter said partial payment upon the margin of the record, the mortgage had been fully paid or satisfied, the burden is upon the defendant to show to the reasonable satisfaction of the jury that said mortgage debt was wholly paid before notice was given, and upon his failure to discharge this burden, then the plaintiff is entitled to recover.

9. *Release of mortgage debt; valuable consideration necessary.*—A valuable consideration is necessary to support the release or discharge of a debt secured by a mortgage, as much so as it is necessary to support any other contract, and unless an alleged release of a mortgage debt is supported by a valuable consideration, such release is not valid or binding.

10. *Argumentative charges,* and charges which give undue emphasis to a particular phase of the evidence, to the exclusion of other portions of the evidence, are properly refused.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. OSCEOLA KYLE.

This action was brought by the appeelle, J. F. Bean, against the appellant, L. M. Lynn, and was instituted on March 15th, 1902.

The complaint contained but one count, which was in words and figures as follows: "The plaintiff claims of the defendant two hundred dollars ($200.00) due from defendant to plaintiff, because defendant failed to enter on the margin of the record of a mortgage executed on April 11, 1900, by plaintiff to defendant, which mortgage was recorded in the office of the Judge of Probate of Morgan county, Alabama, a partial payment of twenty-three dollars and fifty cents ($23.50), which plaintiff had made to defendant, and defendant so failed to enter such partial payment for thirty days after plaintiff had in writing requested defendant to make such entry." To the complaint the defendant demurred upon the following grounds: 1. The complaint fails to aver that plaintiff requested the defendant to enter the date of said partial payment on the record of said mortgage. 2. It fails to aver that plaintiff requested the defendant to enter the date and amount of the alleged partial payment on the record of the mortgage. 3. Said complaint does not show that plaintiff ever gave the defendant a legal and sufficient request to make the required entry on the said mortgage. This demurrer was overruled. Thereupon the defendant filed the following pleas: "1st. The allegations of said complaint are untrue. 2d. That at the time the request was made on defendant to enter said partial payment on the margin of the record, the mortgage indebtedness had been fully paid or satisfied. 3d. That said payment of $23.50 was made on an open account which the plaintiff was then due and owing to the defendant for which the defendant gave plaintiff credit, and also a receipt to this effect, which receipt was accepted by the plaintiff. 4th. That the said partial

[Lynn v. Bean.]

payment of $23.50 was never made by plaintiff upon the mortgage referred to in the complaint.".

The plaintiff demurred to the 2d special plea upon the following grounds: 1. It neither denies nor avers, and avoids the allegations of the complaint. 2. It is immaterial whether the mortgage had or had not been wholly satisfied at the time of the request for entry of partial payment. 3. Said plea presents no material issue. This demurrer to the special plea was overruled. The judgment recites that upon motion of the plaintiff, the pleas Nos. 3 and 4 were stricken from the file; but neither the motion nor the ruling thereon is shown in the bill of exceptions, nor is the motion shown in the record. The plaintiff, as a witness in his own behalf, testified that on April 11th, 1900, he executed and delivered to the defendant a certain chattel mortgage on his crop to be grown during the year 1900, which was given to secure an indebtedness of $45.00. This mortgage was introduced in evidence. The plaintiff then introduced in evidence the record of said mortgage as found in the record book in the office of the Judge of Probate of Morgan county, which showed that there had been no entry of any partial payment on the margin of said record where the said mortgage was recorded. The plaintiff then offered in evidence the following written notice: "Mr. L. M. Lynn—You are hereby requested to place a credit of twenty-three dollars and fifty cents ($23.50) on the margin of the record of mortgage that I gave you in 1900, this February 11, 1902. (Signed) J. F. Bean." To the introduction of this written notice the defendant objected because it was ambiguous, indefinite, was insufficient, and because said notice did not request the defendant to enter the date of the alleged partial payment. The court overruled this objection, and to this ruling the defendant duly excepted.

The plaintiff then testified that he sent this notice to the defendant by his son, W. F. Bean. The plaintiff further testified that on April 5th, 1901, he paid defendant $23.50, and directed him to credit said payment on the said chattel mortgage, which was introduced in evidence; that at the time of making said payment, how-

ever, the defendant gave the plaintiff a receipt for the $23.50, reciting that said sum was paid on the book account; that thereupon the witness informed the defendant that the money was paid on said mortgage, and that while he retained the receipt, he did not agree to the payment being applied to the book account. The plaintiff further testified that he owed the defendant a balance due upon the mortgage given upon certain lands three or four years prior to the mortgage he gave in 1900, but that the 1900 mortgage was not given to better secure the mortgage on the land, and further that he did not have an agreement with the defendant in October, 1900, to the effect that the 1900 mortgage was satisfied. The plaintiff then testified that the entry of the payment of $23.50 was not made on the record of the 1900 mortgage when this suit was commenced.

William F. Bean, the son of the plaintiff, was introduced as a witness, and testified that he was present when the plaintiff paid the defendant $23.50, and his testimony corroborated the testimony of his father as to said money being paid as a credit upon the 1900 mortgage. This witness further testified that he delivered on Feb. 11th, 1900, the written notice from his father to the defendant, requesting the latter to enter the partial payment on the record of the mortgage. The witness was then asked by the defndant, the question which is copied in the opinion, to which question the plaintiff objected upon the ground that the plaintiff could not make evidence for himself in this way. The court sustained the objection, and the defendant duly excepted.

The defendant and his son, as witnesses, testified that the 1900 mortgage was given to better secure the payment of another indebtedness secured by a mortgage upon the plaintiff's lands. The defendant offered to introduce in evidence the following marginal entry appearing on the margin of the record of the mortgage given by the plaintiff to the defendant in 1900: "This mortgage is satisfied, dated March 20th, 1902, (signed) L. M. Lynn, (L. S.)." The plaintiff objected to the introduction of this evidence upon the ground that it was made after the institution of the suit. The court sus-

[Lynn v. Bean.]

tained the objection, and the defendant duly excepted. The other facts of the case are sufficiently shown in the opinion.

At the request of the plaintiff, the court gave to the jury the following written charges: (1.) "If Bean owed Lynn both a book account and the mortgage debt, Bean had a right to have the payment of $23.50 applied to either debt he chose, and if in fact he directed Lynn to credit the payment of $23.50 on the mortgage debt, when he made the payment, Lynn had no right to apply it to the book account." (2.) "The burden rests on the defendant to show to your reasonable satisfaction by the preponderance of the evidence, that his plea that the mortgage was wholly paid before notice was given is true, and if defendant has failed to discharge that burden, you must find for the plaintiff as to the issues presented by that plea." (3.) "Gentlemen, I charge you that if Bean and Lynn merely made an oral agreement that the mortgage in this case should be regarded as cancelled, and there was no valuable consideration for that agreement, then that agreement did not operate as a payment or satisfaction of the mortgage, and if the only evidence in the case of satisfaction of the mortgage is the evidence of that agreement, you should find for the plaintiff as to the issue presented by defendant's second plea." (4.) "The receipt for $23.50 is not conclusive that the payment was directed to be made on the book account. If you believe from the evidence that Bean did not agree to its being applied on the book account, but directed its application to the mortgage, then the language of the receipt does not show that the payment was made on the book account." (5.) "If the book account for 1900 was a portion of the debt for which the $45.00 mortgage was given, then a payment on that account would be a payment on the mortgage."

The defendant separately excepted to the court's giving each of said charges requested by the plaintiff, and also separately excepted to the court's refusal to give each of the following written charges requested by him: (2.) "If you believe from the evidence that when the $23.50 payment was made the plaintiff accepted a re-

[Lynn v. Bean.]

ceipt therefor on an open account then due and owing from plaintiff to defendant, your verdict should be for the defendant." (3.) "If you believe from the evidence that the $45.00 mortgage given in the year 1900, was cancelled and held for naught, by an agreement of the parties thereto, prior to February 11, 1902, your verdict should be for defendant." (4.) "If you believe from the evidence that the plaintiff and defendant agreed in October or November, 1900, that the said forty-five dollar mortgage, given in the year 1900, should no longer be of any force or effect, you should find for the defendant." (5.) "You can look to the fact, if it be a fact, that Bean in his subsequent settlement of what is called the land mortgage in this case, claimed no credit for any interest which may have been included in the forty-five dollars mortgage in determining whether any part of the $45.00 mortgage had been settled prior to the 11th day of February, 1902." There were verdict and judgment for the plaintiff, assessing his damages at $200.00. The defendant appeals and assigns as error the rulings of the court upon the pleadings, and the other rulings of the trial court, to which exceptions were reserved.

E. M. RUSSELL and S. A. LYNNE, for appellant.—The complaint in this cause was insufficient and subject to the demurrer interposed to it. The statute under which the action is prosecuted is penal in its nature and must be strictly considered. Before defendant can be held liable for the penalty imposed, every element constituting plaintiff's right of action must exist, and plaintiff must set out all of these ingredients in his complaint. *Jarrett v. McCabe,* 75 Ala. 325; *Grooms v. Hannon* 59 Ala. 325; *Chattanooga Nat. B. & L. Assn. v. Echols,* 125 Ala. 533; *Ayres v. Craft et al.,* 128 Ala. 407; *Day v. Rogers,* 20 So. 38.

The notice or request for the entry of partial payment was insufficient. It fails to request the mortgagee to enter the date of payment made by the mortgagor. If the mortgagee is required to "enter the date and amount," should not the notice contain a request that the mortgagee "enter the date and amount?" In other

words, the notice should be a request to the mortgagee to do what the law requires of him.—*Perryman et al v. Smith et al.,* 105 Ala. 575; *Clark v. Wright, et al.,* 122 Ala. 594.

D. W. SPEAKE and MARVIN WEST, *contra.*—The complaint stated a sufficient cause of action, and was not subject to the demurrer interposed to it.—*Jordan v. Mann,* 57 Ala. 595; *New South B. & L. Assn. v. Bowie,* 121 Ala. 465, 469.

The mortgage involved in this suit had never been satisfied. To constitute a release or satisfaction for the mortgage, there must be a valuable consideration, otherwise such release is *nudum pactum.*—*Westmoreland v. Porter,* 75 Ala. 452; *Maness v. Henry,* 96 Ala. 454, 460; *Crass v. Scruggs,* 115 Ala. 258, 269; *Pounds v. Richards,* 21 Ala. 424.

HARALSON, J.—1. There was no error in overruling the demurrer to the complaint. No particular form of words is necessary to constitute a sufficient request to enter on the margin of the record of a mortgage a partial payment or payments on the mortgage. All that is necessary in such notice is, that the words used in the request are such, as shall reasonably inform the mortgagee that entry of payment is desired. If such be its reasonable wording, the mortgagee must act upon it. The particular mortgage in question is identified by date; the amount of the payment made thereon is stated; the written request of the mortgagor to enter on the margin of the record such payment, and the failure of the defendant to do so within the time required by law, are all disclosed in the complaint, and sufficiently certain to save it from the demurrer interposed to it.— *Jordan v. Mann,* 57 Ala. 597; *Steiner v. Snow,* 80 Ala. 45; *N. S. B. & L. Association v. Bowie,* 121 Ala. 469.

The suit was brought on the 15th of March, 1902, under section 1065 of the Code of 1896, and was tried and judgment rendered in it, on the 30th of October, 1902. It was unaffected, therefore, by the Act of the 10th of October, 1903, amending that section and section 1066

[Lynn v. Bean.]

of the Code. If the suit had been instituted after the passage of the last named Act, it may be that the demurrer to the complaint should have been sustained.

2. The ruling striking pleas 3 and 4 cannot be here reviewed. The motion to strike does not appear in the bill of exceptions; and, that such motion was made and acted upon by the court, appears no where in the record, except in the judgment entry in the cause.—*Jones v. City of Anniston,* (Ala.) 35 So. Rep. 112; *Logan v. Adams Machine Co.,* 135 Ala. 475.

3. There was no error in the ruling allowing plaintiff to introduce in evidence the written request served on the defendant to enter on the record the partial payment he had made on the mortgage. It was not liable to any objection interposed to its admission, and at the time it was offered, there was no evidence that the mortgage had been fully paid or satisfied.

4. There was no error in refusing to allow the plaintiff's witness, Wm. Bean, to answer the question on his cross by defendant: "Did not the defendant, when you gave him this notice, tell you that this 1900 mortgage had been settled and satisfied, and that your father (the plaintiff) could have the original mortgage any time he called for it?" The objection interposed was, that the defendant could not be allowed in this way to make evidence for himself. If what he offered to prove by the witness was true, it was his own *ex parte* statement made in his own interest, and in the absence of the plaintiff.

5. The defendant offered to prove, and was not allowed, against the objection of the plaintiff to do so, that he had entered on the record on March 20th, 1902, that the mortgage was satisfied. This was more than thirty days after the written request to enter the partial payment on the record, and after this suit was commenced; whatever rights the plaintiff was entitled to, were to be determined by what occurred before, and not what occurred after suit brought.

6. There were two mortgages from plaintiff to defendant which were testified about, one on real estate, which has been paid since this suit was commenced, and

the other, a chattel mortgage on plaintiff's crop raised in 1900, for an indebtedness of $45.00, that plaintiff owed defendant, other than the land mortgage debt which was about four years older than the last mortgage. The evidence also tended to show, that the plaintiff owed defendant an open or book account for various things furnished him by defendant in 1900, which was not covered by any mortgage. The plaintiff's evidence tended to show, that when he made this payment of $23.50 on the 5th of April, 1901, he directed defendant to apply to it the $45.00 mortgage debt, and not to the book account, which request defendant disregarded, and insisted on applying it to the open or book account. The evidence for the defendant tended to show, that the plaintiff made no such request, as to the application of said payment, and he applied it to the open or unsecured account. Defendant gave a receipt to the plaintiff, at the time, for this sum, specifying that it was paid on the book account, to which plaintiff testified he objected, because he desired the payment to go on this chattel mortgage, but defendant refused to change the receipt, and plaintiff retained it because he desired to have some showing for his money. Defendant testified, that the payment was made on the book account, and not a word was said at the time about a mortgage. His evidence also tended to show, that this chattel mortgage, by an agreement and understanding between him and plaintiff, in October or November, 1900, was satisfied, and defendant forgave him this mortgage as a claim against him. This agreement the plaintiff denied.

7. The 1st and 2nd charges requested by plaintiff were free from error. The first is but the assertion of the well settled rule, that as a payment on the part of a debtor is voluntary, he may direct its application when it is made, or at any time before the creditor, in the absence of such direction, has applied it.—*Petty v. Dill*, 53 Ala. 645.

Charges 4 and 5 for plaintiff were also free from error.

Charge 2 requested by defendant was properly refused. In effect it improperly instructed, that the receipt, as it read, was binding and could not be explained

by oral evidence, even if shown not to be in accordance with the intention of the parties.—*Cleere v. Cleere,* 82 Ala. 581.

It required a valuable consideration for the alleged release of the mortgage debt.—*M. J. & K. C. R. Co. v. Owen,* 121 Ala. 512; *Crass v. Scruggs,* 115 Ala. 258.

Charges 3 and 4 for defendant would have authorized the jury to find that the mortgage had been released, although there was no consideration for the release. The burden was on the defendant to show consideration for release.

Defendant's charge numbered 5, was subject to the vice of being argumentative and in emphasizing a particular phase of the evidence.

No error appearing, the judgment must be affirmed.