(132 So. 895)

### BATY v. FOSTER.
### 8 Div. 285.

Supreme Court of Alabama.
March 12, 1931.

H. H. Hamilton, of Russellville, for appellant.

W. H. Quillin, of Russellville, for appellee.

**ANDERSON, C. J.**

This is an action for the statutory penalty for failing to satisfy a mortgage by the mortgagor against the mortgagee under section 9023 of the Code of 1923.

The mortgage was made to J. T. Foster, and the notice was directed to John Foster, but the proof shows that J. T. and John Foster were one and the same person, and that the notice was served on the person to whom the mortgage was given.

While the notice could have been more specific, it was sufficient to apprise the mortgagee that the mortgagor desired a surrender of the mortgage and the satisfaction of same on the record. True, it did not describe the mortgage, but the proof fails to show the existence of any other mortgage between these parties, and the mortgagee must have known that the mortgage in question was the one to which the notice referred. New South Building & Loan Ass'n v. Bowie, 121 Ala. 465, 25 So. 844; Jordan & Sons v. Mann, 57 Ala. 597; Steiner & Bro. v. Snow, 80 Ala. 45; Loeb v. Huddleston, 105 Ala. 257, 16 So. 714.

The suit was against the mortgagee, and, when the plaintiff introduced evidence tending to show satisfaction of the mortgage and proved the notice and failure to satisfy, he made out a prima facie case, and the burden was on the defendant to prove that he had transferred the same and was not the owner when the notice was given to satisfy the record, notwithstanding his sworn plea setting up a transfer. This was not a plea denying the defendant's ownership.

The plaintiff introduced the mortgage "with all entries thereon of recordation." This was a limitation and did not conclude or estop the plaintiff by an ex parte entry on the mortgage by the defendant subsequent to the delivery and recordation of same. On the other hand, even if the indorsement had been introduced as evidence when the mortgage was, the plaintiff should have been permitted to show that defendant still claimed to have and own the mortgage after the notice was served. The entry may have been false or the instrument may not have been delivered and the defendant would be the owner notwithstanding the indorsement, and this evidence did not change or contradict the con-

tract, as the indorsement was not a part thereof, but was a mere ex parte statement by the defendant.

Section 9057 of the Code, cited by appellee's counsel, has no bearing on this question as said provision refers to negotiable instruments.

The trial court erred in excluding all of the plaintiff's evidence and in not permitting the case to go to the jury, and the judgment of the law and equity court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.