160 So. 723

McQUEEN v. FIRST NAT. BANK OF WETUMPKA.

5 Div. 941.

Court of Appeals of Alabama.
Oct. 30, 1934.

Rehearing Denied Feb. 26, 1935.

Huddleston, Glover & Jones, of Wetumpka, for appellant.

Holley & Milner, of Wetumpka, for appellee.

BRICKEN, Presiding Judge.

Appellant brought his action in the circuit court against appellee, to recover the sum of $200 as a statutory penalty for the failure of appellee to satisfy on the mortgage records of Elmore county a certain mortgage recorded in the office of the judge of probate and recorded in Mortgage Record, vol. 133, page 228, which said mortgage was executed February 3, 1920, to secure the payment of the sum of $212, and which plaintiff, in the court below, claimed that said bank, defendant below, had failed to satisfy upon said mortgage record, within thirty days after written demand had been made in writing therefor.

After the jury had been qualified by the trial judge, the plaintiff requested the court to ascertain whether or not any of the jurors owed mortgages or were indebted to the defendant bank. The court refused this request stating, "That might get us all—the court owes the Bank himself." We do not think the court erred in refusing to qualify the jury as requested by plaintiff, and we are of the opinion that the court did not err in refusing to recuse himself because he was indebted by note to the defendant bank. It is the personal interest in the outcome of the case on trial that disqualifies and no such interest was shown as to any member of the jury, or as to the trial judge.

Under the provisions of section 9023 of the Code 1923, a mortgagee, who has received payment or satisfaction of a mortgage, or deed of trust, which is of record, must on request in writing of the mortgagor, enter the fact of payment or satisfaction on the margin of the record or deed of trust. The entry of payment or satisfaction must be witnessed by the judge of probate, or his clerk, who in his official capacity must attest said satisfaction; or satisfaction may be made by an attorney in fact authorized by an instrument executed and acknowledged as is required of conveyances, and filed for record.

Section 9024 of the Alabama Code 1923 provides a penalty of $200 against a mortgagee or assignee or transferee, or trustee, or cestui que trust, who fails to make such entry for thirty days after such written request, subject to the exception of a pending

or instituted suit, within the time wherein the fact of payment or satisfaction is or may be contested.

The statute (section 9024, Code 1923) under which the suit was brought in the court below is highly penal and must be strictly construed. Jarratt v. McCabe, 75 Ala. 325; Huckaby v. Jackson, 16 Ala. App. 372, 77 So. 984; Butler Cotton Oil Co. v. Brooks, 204 Ala. 195, 85 So. 778.

The plaintiff propounded interrogatories to the defendant in the court below and thereby attempted to prove, among other things, the execution and delivery of the mortgage involved by the plaintiff to the defendant, and its payment by the plaintiff to the defendant. Under said interrogatories and answers thereto, the plaintiff proved a written letter as follows: "Deatsville, Ala. June 13, 1932. Mr. John L. Law, Cashier First National Bank of Wka. Dear Sir. You will please have the margin of the record marked satisfied of all notes and mortgages you hold against me Leonard G. McQueen Deatsville, Ala. R. #1."

We are of the opinion that this notice was insufficient in law to sustain the suit brought by plaintiff against defendant for the statutory penalty. It is most seriously doubted that the request was in law one made upon the defendant bank. Dothan Guano Co. v. Ward, 132 Ala. 380, 31 So. 748. The letter in question was not a written request made by the mortgagor of the mortgagee for the satisfaction of a mortgage which was of record and which had been fully paid or satisfied, but the request was for the satisfaction upon the record of all notes and mortgages held by the bank against the plaintiff whether the same had been fully paid and satisfied or not.

There being no evidence of a written request from the mortgagor to the mortgagee, as is required by law, the defendant was entitled to the general affirmative charge which the trial court gave at the written request of the defendant.

This court has considered each and every assignment of error presented by the record in this cause, but inasmuch as we find that the written request insisted upon by the appellant, and upon which the suit in the court below was brought, not to be in substantial compliance with the statute, a separate consideration of errors assigned is unnecessary.

There is no error in the record before us of which appellant can complain. The judgment of the lower court from which this appeal was taken will therefore stand affirmed.

Affirmed.