190 So. 73

**POTTS v. ELLIS et al.**

**7 Div. 550.**

Supreme Court of Alabama.

June 15, 1939.

Savage & Savage, of Centre, for appellant.

Reed & Reed, of Centre, for appellees.

BROWN, Justice.

The judgment entry as amended nunc pro tunc is sufficient to support the appeal. Gentry v. Swann Chemical Co., 234 Ala. 313, 174 So. 530.

The evidence is without dispute that the written notice, in these words:
"Centre, Alabama.
"December th 24, 1936

"Mr. E. V. Ellis and Mr. W. A. Ellis and Bros. I am asking you Both to clear the records of Cherokee Co. of all noats you hold against me up to this date 24th of Dec. 1936. Yours respectfully," was delivered by the plaintiff Potts in person to one of the members of the firm in the office of the partnership store. The plaintiff testified:

"I gave it to W. A. Ellis. I did not give it to E. V. Ellis. E. V. Ellis was in the back of the store, I did not give him the notice nor any copy of it."

The evidence further shows that the notice was given immediately after the plaintiff had made full settlement with the defendants and they had delivered to him the mortgages evidencing the indebtedness which he had immediately before paid in full, and that Ellis remarked to plaintiff: "Uncle Sam, you needn't to have gone to all that trouble, I will attend to that right away."

On the defendants' objection the court refused to permit the notice in evidence, and this ruling superinduced the non-suit.

We are of opinion that the notice considered in connection with the circumstances under which it was given—the res gestæ of the transaction—was sufficient to require the defendants to perform the statutory duty of entering satisfaction on the record of mortgages recorded in Cherokee County, to secure the indebtedness which the plaintiff then and there paid in full. Code, 1923, §§ 9023, 9024; Baty v. Foster, 222 Ala. 442, 132 So. 895; Partridge v. Wilson, 141 Ala. 164, 37 So. 441; Henderson et al. v. Wilson, 139 Ala. 327, 36 So. 516; Dothan Guano Co. v. Ward, 132 Ala. 380, 31 So. 748; Loeb v. Huddleston, 105 Ala. 257, 16 So. 714.

While these statutes, Code 1923, §§ 9020–9024, are penal and must be strictly construed in respect to the request or notice, required as a predicate for imposing the penalty, courts must not lose sight of the fact that they were enacted for the benefit and protection of mortgagors and other debtors whose property has been encumbered by such mortgages and liens as a security for debts that have been paid in part or in full, and to prevent abuses by mortgagees and such other lien holders by subjecting such debtors to economic bondage by holding on the public records evidences of such encumbrances for mercenary profit or advantage.

Section 9022 of the Code, as amended by Act No. 60, Extra Session 1932, p. 82, approved October 6, 1932, dealing with the character and method of making the request or giving notice, is limited by its terms to the "preceding section" new to the Code of 1923, § 9021, and is not applicable to cases arising under §§ 9020, 9023, and 9024, which have come down through the several Codes since 1886.

The case dealt with by the court in Universal Credit Co. v. Clay County Trading Co., Inc., 235 Ala. 577, 180 So. 259, arose under said § 9021 of the Code.

In Baty v. Foster, supra, the mortgage was made to J. T. Foster and the notice was directed to John Foster. The court held

in effect, that this ambiguity in the notice was removed and the notice made certain by extrinsic evidence showing that J. T. and John Foster were one and the same. It follows, as a matter of logic, that if the notice may be made certain as to the person, it also may be made certain as to the instrument or thing.

In the instant case the res gestæ of giving the notice, makes certain that it referred to the instruments securing the debt which plaintiff had just immediately paid and which were passed to him over the counter by one of the defendants, followed immediately by plaintiff handing the notice to said defendant.

■ It is well settled that: "A notice to the mortgagee by the mortgagor directing the satisfaction on the record of all recorded mortgages given by the mortgagor to the mortgagee, which have been paid, is sufficiently definite." International Harvester Co. v. Simpson, 222 Ala. 493, 133 So. 45; citing Dothan Guano Co. v. Ward, supra; Henderson v. Wilson, supra.

In International Harvester Co. v. Simpson, supra, it was observed: "In the instant case the notice referred to one mortgage only, but did not describe or clearly refer to any certain mortgage. There were two, either of which could have been intended. But giving the notice such strict construction as the law requires, both were not included. After the one last given was satisfied on the record, the mortgagee had no further notice. Evidently it intended to comply with the notice, which could as well have referred to the later as the older mortgage, but did not in terms refer to them both. We think, therefore, that the notice was not sufficient *under the circumstances* to fasten the penalty upon appellant." (Italics supplied.)

The holding in McQueen v. First Nat. Bank of Wetumpka, 26 Ala.App. 348, 160 So. 723, 724, was that: "The letter in question was not a written request made by the mortgagor of the mortgagee for the satisfaction of a mortgage which was of record and which had been fully paid or satisfied, but the request was for the satisfaction upon the record of all notes and mortgages held by the bank against the plaintiff whether the same had been fully paid and satisfied or not."

In Clark v. Wright, Henderson & Rainer, 123 Ala. 594, 26 So. 501, the request was: "I want you to take my note off the record," the trial court excluded this item of evidence on the objection of the defendant "on the ground that it was insufficient, and not such a notice as would inform the defendants of the paper referred to, and that it was too indefinite and not such a notice as is required by law." There was nothing in the evidence in that case to remove the uncertainty. The court observed: "It has been repeatedly decided that no particular form of words is necessary to constitute a sufficient request. The statute requires that the written notice should contain words such as to reasonably inform the mortgagee that the performance of the statutory duty is requested," though such duty of performance arises where the language used, as here, simply informed him under the most favorable circumstances of the words employed that it was a cancellation of a note upon the record that was desired by the mortgagor. Citing Steiner & Bros. v. Snow, 80 Ala. 45.

In Steiner & Bros. v. Snow, supra, the evidence shows *that after plaintiff had paid off the mortgage debt,* he wrote a note to V. Steiner, "in which he used this language: 'Mr. Steiner, please cancel my mortgage.'" This court in affirming a judgment for plaintiff observed: "No particular form of words is necessary to constitute a sufficient request. All that the statute requires is notice, that entry of satisfaction on the record is desired, and that the words used be such as to reasonably inform the mortgagee that performance of the statutory duty is requested."

That the defendant, W. A. Ellis, understood the notice as one to perform the statutory duty of entering satisfaction of the mortgages which he had just delivered to the plaintiff is made clear by his statement, "Uncle Sam, you needn't to have gone to all that trouble, I will attend to that right away."

■ The delivery of the notice to one member of the firm, while such member was acting in and about the business of the partnership, was notice to all of said parties. Long Bros. v. Jennings, 137 Ala. 190, 33 So. 857.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.